(No. 25736.— .
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANTHONY GUINTO, Plaintiff in Error.

*Opinion filed October 15, 1940.*

HAROLD L. LEVY, and EDWARD M. KEATING, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

On a trial by a jury Anthony Guinto was convicted of armed robbery in the criminal court of Cook county. This writ of error is sued out to review the judgment entered on that verdict.

Martin Bergman was a salesman, deliveryman and collector in the employ of Oscar Mayer & Company and on April 12, 1939, was robbed of $101 at pistol point. A witness for the People named Peter Osting saw the robbery, and both he and Bergman identified plaintiff in error as one of the hold-up men. Osting also took the license number of an automobile to which the robbers ran after committing the crime. Another witness for the People, Alice Doran, also saw this car parked in front of her home. She saw three men get out of it and afterwards saw two of them run back to it and change their coats, although she did not see the plaintiff in error's face and could not identify him. When Guinto was arrested a leather jacket was found in his room, which was similar to that worn by one of the robbers. He denied ownership of this jacket, but could not explain how it came to be in his room.

The defendant offered an alibi. He and two other witnesses testified that he spent the afternoon of the robbery in a gambling house and that he had there won the money which the police found in his possession. His veracity, however, was impaired by proof that he had pleaded guilty to a charge of robbery in 1935.

It is urged that the judgment be reversed because it was not proved that the money taken was the property of Oscar Mayer & Company, and that the corporate existence of that company was not proved. This contention is based upon the language of various cases involving embezzlement, re-receiving stolen property and larceny, but the rules applicable to those cases are entirely foreign to a charge of robbery. All of the contentions raised in this behalf were considered and disposed of in *People* v. *Kubish,* 357 Ill. 531, and in numerous previous cases therein cited. The gist of the offense is the force or intimidation used in the taking from the person of another, against his will, the property belonging to him or in his care. *People* v. *Knox,* 302 Ill. 471.

It is argued that the court erred in giving an instruction concerning circumstantial evidence because, it is said, there was no circumstantial evidence to be considered. This is not true. While there was direct testimony to establish the principal facts, there was also circumstantial evidence to be considered. His unexplained possession of the leather coat at the time of his arrest, and his total failure to remember the name and the place where he claimed to have been gambling at the time of the robbery, were circumstances to be considered in connection with the direct evidence. The evidence in this case fully sustains the verdict and the trial was free from prejudicial error.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*