(No. 30871.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LUCIAN BURNS, Plaintiff in Error.

*Opinion filed May 19, 1949.*

LUCIAN BURNS, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, W. S. MIROSLAWSKI, and WILLIAM BRUMLIK, all of Chicago, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Plaintiff in error, Burns, was convicted and sentenced in the criminal court of Cook County for the crime of robbery while armed. He appears here *pro se* on a writ of error with only the common-law record.

He believes the indictment should, under the law, have contained a specific designation of the place of the robbery

as supposedly required by section 9 of the bill of rights, (Const. 1870, art. II, sec. 9,) which requires, "* * * the accused shall have the right * * * to demand the nature and cause of the accusation * * *." He believes the claimed lack of such vitiates the case from inception to conclusion.

Count 1 of the indictment charged him with feloniously and violently assaulting John A. Hopkins, thus putting the latter in fear of his life, and feloniously and violently by force and intimidation stealing from his person $250, then in his custody as being the property of him and one Ravenesi, copartners doing business under the name of "H & R Liquors," Burns at the time being armed with a pistol. Count 2 was the same except it did not charge him with being armed.

The whole trouble on this assignment arises from Burns's erroneous belief he was charged and tried for robbing the liquor store. The place of the commission of the offense of robbing a natural person need not be precisely laid or proved where the place of the commission of the offense is not an element thereof. The gist of armed robbery is the force or intimidation used in taking another's property against his will. (*People* v. *Knox,* 302 Ill. 471; *People* v. *Guinto,* 374 Ill. 404.) Under the charge laid, all the People needed to do was to prove Burns robbed Hopkins within the bounds of Cook County. The indictment is sufficient when it is specific enough to notify Burns of the charge he had to meet and enable him to prepare his defense. (*People* v. *Shaffer,* 400 Ill. 332.) Section 9 of the bill of rights requires no more, and the indictment met that requirement with certainty and clarity.

Burns also alleges that the introduction in evidence over his objection of surprise testimony with respect to when the robbery was committed constituted reversible error. The common-law record shows the indictment charged the crime to have been committed on February 12, 1946. No bill of

exceptions was filed, but Burns admits in his brief that the alleged discrepancy as to time did not involve more than twenty-four hours. That admission alone establishes that his point lacks merit, for, when prosecuting a criminal offense, the date alleged in the indictment as the time of commission does not prevent the People from showing the commission of the offense to be at a different time, so long as the time shown is within the limitation period set by law for the prosecution for the crime. A slight variation from the date charged in the indictment is, therefore, immaterial. *People* v. *Taylor,* 391 Ill. 11; *People* v. *Kircher,* 333 Ill. 200.

The judgment of the criminal court of Cook County will be affirmed.

*Judgment affirmed.*