(No. 39232.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* JUNIOR LEE BLANCHETT, Appellee.

*Opinion filed Nov. 19, 1965.—Rehearing denied Dec. 10, 1965.*

528

WILLIAM G. CLARK, Attorney General, of Springfield, and DONALD G. ADAMS, State's Attorney, of Quincy, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

GERALD W. GETTY, Public Defender, of Chicago, (FREDERICK F. COHN and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellee.

HARRY G. FINS, *amicus curiae*.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

An information was filed in the circuit court of Adams County charging the defendant, Junior Lee Blanchett, with the crime of armed robbery in Adams County. He was tried by the court without a jury, resulting in a finding of guilty and a sentence to the penitentiary for a term of not less than two nor more than five years. Defendant then filed a motion in arrest of judgment on the ground that the information did not state an offense. The motion was denied by the trial court. On appeal the Appellate Court for the Fourth District reversed on the ground that the motion in arrest

of judgment should have been allowed. We have granted leave to appeal, recognizing an apparent conflict between this decision and *People* v. *Petropoulos,* 59 Ill. App. 2d 298.

At the outset we must determine the right of the State to appeal from the judgment of the appellate court reversing defendant's conviction. This right is not questioned by the defendant, but the question has been raised by *amicus curiae* and we must determine *sua sponte* the limits of our own jurisdiction.

The judicial article expressly states "that after a trial on the merits in a criminal case, no appeal shall lie from a judgment of acquittal." (Ill. Const. art. VI, sec. 7.) *Amicus curiae* argues that the unqualified reversal by the appellate court constitutes a judgment of acquittal within the meaning of the constitution. With this we do not agree. While the decision of the appellate court would entitle defendant to a discharge, it is not the equivalent of acquittal. We have considered the statement from 24 C.J.S. 1128, cited by *amicus curiae,* that a reversal of a conviction has the effect of a not-guilty verdict entitling defendant to discharge, and the case cited in support of that statement. We are convinced that this broad language is of no persuasive force in determining the effect of the appellate court decision.

The real effect of the appellate court decision is that of an order or judgment "arresting judgment because of a defective information." Paragraph 4 of Rule 27 of this court specifically provides that the State may appeal from such order or judgment. (Ill. Rev. Stat. 1964, Supp., chap. 110, par 101.27(4).) We therefore conclude that the State may appeal from an order arresting a judgment of conviction because of a defective indictment or information. The mere fact that the arrest of judgment occurred in the appellate court rather than the trial court does not alter our opinion. The broad language of Rule 32 and Rule 27(13) gives the State the same right to petition for leave to appeal to the

Supreme Court as any other litigant where the Appellate Court judgment has the effect specified in Rule 27(4). (Ill. Rev. Stat. 1964 Supp., chap. 110, pars. 101.27(13), 101.32.) We conclude that this court has jurisdiction of this appeal.

Upon reaching the merits of the controversy we find that the issue involved in this case requires the construction of certain sections of the Code of Criminal Procedure of 1963. Section 111—3, entitled "Form of Charge", provides in part as follows (Ill. Rev. Stat. 1963, chap. 38, par. 111—3.) : "(a) A charge shall be in writing and allege the commission of an offense by: * * * (4) stating the time and place of the offense as definitely as can be done." Section 114—1 provides in part as follows (Ill. Rev. Stat. 1963, chap. 38, par. 114—1) : "(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds: * * * (8) the charge does not state an offense * * * (b) The court shall require any motion to dismiss to be filed within a reasonable time after the defendant has been arraigned. Any motion not filed within such time or an extension thereof shall not be considered by the court and the grounds therefor, except as to subsections (a)(6) and (a)(8) of this Section, are waived." Section 116—2 provides in part as follows (Ill. Rev. Stat. 1963, chap. 38, par. 116—2) : "(a) A written motion in arrest of judgment shall be filed by the defendant within 30 days following the entry of a verdict or finding of guilty * * * (b) The court shall grant the motion when: (1) the indictment, information or complaint does not charge an offense * * *."

The information, insofar as pertains to the issue on this appeal, states that on January 15, 1964, the defendant "at and within the County of Adams, in the State of Illinois" did commit armed robbery. In the evidence the exact

street address of the robbery was proved and the State does not contend that it lacked knowledge of this address at the time the information was filed. The appellate court held that this allegation did not comply with the requirements of section 111—3(a)(4) in that it did not state the time and place of the offense as definitely as could be done. The court also held that because the place of the offense was not more definitely alleged the information was insufficient to state an offense and therefore, under the provisions of section 114—1(b), the failure to move to dismiss prior to trial did not operate as a waiver of the right to assert this claim in a motion in arrest of judgment. The question presented here is whether the information was so defective that it did not charge an offense so that the sufficiency of the information could be raised by a motion in arrest of judgment filed after trial.

Prior to enactment of the Code of Criminal Procedure of 1963, the Criminal Code provided that the time and place of committing a crime should be stated "with reasonable certainty". (Ill. Rev. Stat. 1961, chap. 38, par. 716.) In construing that section we held that in all cases where the place of the commission of the offense was not an element of the offense an indictment was sufficient if it alleged that the crime occurred within the boundaries of a certain county. We further held that such an allegation complies with the constitutional provision that an accused shall have the right to demand the nature and cause of the accusation against him. (*People* v. *Burns,* 403 Ill. 407.) However, in *People* v. *Williams,* 30 Ill.2d 125, which also arose under the old statute, we affirmed an order quashing an indictment for burglary which alleged only that a building owned by a named person and allegedly entered was situated in Cook County, holding that such an indictment did not give the defendants sufficient information to prepare their defense. We have re-examined our opinion in *Williams* and are of

the opinion that it was incorrect. Accordingly, *People* v. *Williams,* 30 Ill.2d 125, is overruled. See *People* v. *Reed, post,* p. 535.

However, because of the difference in the language in the new Code of Criminal Procedure setting forth the form of a charge, the cases decided under the former Code are not necessarily conclusive. The defendant argues, and the appellate court held, that the requirement of the new Code that the indictment state the time and place of the offense as definitely as can be done imposes a stricter requirement than the command of the former statute that the time and place be stated with reasonable certainty. The problem is one of statutory construction and no constitutional issue is presented, for if an indictment under the former Code, alleging only the county where the offense occurred, was constitutionally sufficient, the constitution requires no more by reason of the change in the statute.

In construing the provisions of the new Code, reference to the comments of the committee which drafted the new Code is instructive. In the comments following section 111—3, it is said: "The charge must tell the accused the nature and cause of the accusation against him (Ill. Const. art. II, sec. 9). Two general methods of drafting the charge formerly existed. The offense could be charged in the language of the statute or the facts which constitute the crime could be set out. (See *People* v. *Barnes,* 314 Ill. 140, 145 N.E. 391 (1924).) It has been sufficient to charge the offense in the language of the statute when the words of the statute so far particularize the offense that by their use alone the defendant is notified with reasonable certainty of the precise offense with which he is charged. (*People* v. *Sims,* 319 Ill. 238, 66 N.E.2d 86 (1946).) Subsection (a) is designed to clarify and make uniform the method to be used in the charge. The five requirements will cover all situations and will satisfy the constitutional requirement * * * It is clear that many of the old pleading technicalities are

no longer required under the existing law. Centuries ago, the punishment was severe and the courts attempted to compensate by strictly construing the pleading requirements. The main requirement today is simplicity in order that the accused will understand the charge against him."

The committee also refers to prior cases as bearing upon subsidiary problems. Among the cases cited is *People* v. *Taylor*, 391 Ill. 11, in which it was held that an indictment need only allege the commission of an offense on a date prior to the return of the indictment, which date must be within the date prescribed by law for the prosecution of the offense. The citation of the *Taylor* case indicates that the drafters of the Code intended no change of the former requirement with respect to the stating of the time of the offense, and although no case was cited specifically dealing with the sufficiency of an allegation as to the place of the offense there is no reason to believe that the Committee intended any change as to that matter. It is also indicated that such matters as the time and place of the offense are "subsidiary matters", which are to be distinguished from the substantive matter of charging an offense. The committee notes that the function of an indictment or information is to advise the accused of the nature and cause of the accusation against him and points out that the requirements set forth in section 111—3 cover all situations and will satisfy the constitutional requirement. The constitutional requirement is satisfied if the indictment alleges the commission of the offense within the county. In view of the expressed purpose of the Code to secure simplicity in procedure, (Ill. Rev. Stat. 1963, chap. 38, par. 101—1(a),) and to do away with pleading technicalities (Committee comments following sec. 111—3), we believe that the language in section 111—3(a) (4) was not intended to change the former rule and require a more precise description of the time and place of the occurrence in order to charge an offense.

We believe that such an interpretation does no violence

to the language of the new Criminal Code. Section 111—3(a) prescribes the form of the charge, and requires that the charge shall allege the commission of an offense by, *inter alia,*:

"(3) Setting forth the nature and elements of the offense charged;

"(4) Stating the time and place of the offense as definitely as can be done; * * *"

The statute therefore recognizes that the time and place of the offense are separate and distinct from "the nature and elements of the offense."

A fair reading of section 116—2, allowing a motion in arrest of judgment when the "indictment, information or complaint does not charge an offense," and section 114—1 (b) precluding the waiver of the objection that "the charge does not state an offense," indicates that they refer to the failure to allege "the nature and elements of the offense" (sec. 111—3(a)(3)) and not to the time and place of the occurrence.

We are supported in this view by the Committee Comments to section 114—1 which states:

"Subsection (a)(8) permits the motion to dismiss where the charge does not state an offense. In accordance with Article 111, charge refers to the complaint, indictment or information. Since a charge which does not state an offense does not give defendant a full notice of why he is being tried, and the charge will not support a judgment unless an offense is stated therein, due process would be violated and may be attacked at any time. (See section 114—1(b) of this Code; and see generally People v. Clark, 256 Ill. 14, 99 N.E. 866 (1912).)"

As we have previously noted an indictment which alleges that the offense was committed within the county and at a time within the Statute of Limitations does not offend against due process. *People* v. *Burns,* 403 Ill. 407.

It should also be noted that while a bill of particulars cannot be used to cure a void charge, (*People* v. *Flynn,* 375 Ill. 366,) that procedure is available for the protection of the defendant in a case such as this. Ill. Rev. Stat. 1963, chap. 38, par. 114—2.

We have considered the action of the legislature in passing Senate Bill 740 on June 2, 1965, which substitutes the words " date" instead of "time" and "County" instead of "place" in section 111—3, par. (a)(4). This bill was approved by the Governor on June 18, 1965. While defendant argues that this indicates an intention to change the prior law and the State argues that it is a clarification, we do not believe that this act is an aid in construing the intention of the legislature in passing the original Code. We take this attitude because of the fact that the legislation was enacted while judicial interpretations of the original legislation were still unsettled.

It therefore follows that the information in this case was sufficient to allege the offense of armed robbery and that while the defendant would have been entitled to a bill of particulars the trial court properly denied the motion in arrest of judgment. The judgment of the Appellate Court for the Fourth District is reversed and this cause is remanded to that court for review of other errors alleged before that court but not considered by it.

*Reversed and remanded.*