People of the State of Illinois, Plaintiff-Appellant,
v. James McClelland, Defendant-Appellee.

Gen. No. 10,673.

Fourth District.

July 25, 1966.

Raymond L. Terrell, State's Attorney of Sangamon County, of Springfield, for appellant.

Olsen, Cantrill & Miller, of Springfield, for appellee.

CRAVEN, J.

The defendant was indicted, tried and convicted of five counts of a 20-count indictment. After a verdict of guilty, the court granted the defendant's motion in arrest of judgment. This is an appeal by the State from the order entered arresting judgment.

The motion in arrest claimed numerous errors in the trial proceedings, asserting error in instruction of the jury, admission of evidence, sufficiency of the proof and other matters not cognizable in a motion in arrest of judgment. Such a motion is limited in scope and, by statute, reaches only the two questions of whether the indictment states an offense and whether the court has

jurisdiction of the cause. Ill Rev Stats 1963, c 38, § 116–2; see also People v. Bridges, 67 Ill App2d 236, 214 NE2d 539 (1966).

 The only portion of this lengthy motion in arrest of judgment that is within the statutory limitation is the claim that the indictment failed to state a cause of action against the defendant in that it failed to specify the time and place of the offense as nearly as could be done within the language of § 111–3, c 38, Ill Rev Stats 1963. It is apparent, although not expressly stated, from this record that the action of the trial court in arresting judgment was based upon the holding of this court in People v. Blanchett, 55 Ill App2d 141, 204 NE2d 173 (1965). On further appeal to the Supreme Court, the holding of this court was reversed and an indictment alleging an offense specifying only the county as to the place of the offense was upheld. People v. Blanchett, 33 Ill2d 527, 212 NE2d 97 (1965).

In view of the ultimate holding of the Supreme Court, the action of the circuit court of Sangamon County in granting the motion in arrest of judgment must be reversed and the cause remanded to that court for further proceedings.

Reversed and remanded.

TRAPP, P. J. and SMITH, J., concur.