# The People of the State of Illinois, Plaintiff-Appellant, v. Nancy Patrick, Defendant-Appellee.

Gen. No. 65–56.

Third District.

September 20, 1966.

STOUDER, J., dissenting.

Robert E. Richardson, State's Attorney, of Ottawa, for appellant.

John Berry, of Streator, for appellee.

CORYN, P. J.

The grand jury of LaSalle County returned an indictment against the defendant, Nancy Patrick, for the crime of theft charging that:

> "Between the first day of April, 1963, and the 21st day of April, 1965, at and within the county of La Salle, Nancy Patrick committed the offense of theft in that she knowingly obtained unauthorized control

94

over the sum of $21,513.04, the property of the Streator TV Cable Company, a corporation, situated at 607 East Main Street, Streator, LaSalle County, Illinois, Nancy Patrick thereby intending to deprive Streator TV Cable Company, a corporation, permanently of the use or benefit of said property, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same people of the State of Illinois."

The defendant thereafter filed a motion to quash this indictment for failure to specify the time of the commission of the alleged offense with sufficient particularity to enable her to know with what offense she is charged. "The State," she argues, "might attempt [under this indictment] to prove that . . . she . . . obtained unauthorized control of the money in question on any one of 751 days. Again, it might attempt to prove that she obtained control of money on a large number of occasions within that two-year period. Is the indictment alleging one offense or a number of offenses?" she inquires. "It is very possible," her argument continues, "that . . . [the State] . . . might attempt to prove a large number of offenses, each one of which imposes an amount less than the amount necessary to constitute grand larceny. It may attempt to add these together and claim they are one offense." For failure to adequately designate a specific time, it is also suggested by defendant that the indictment is multifarious for aggregating a number of small thefts to charge a grand theft.

The trial court accepted defendant's argument, and ordered the indictment dismissed, with the following observation:

"There is a presumption of innocence that attaches to all defendants charged with a crime, and that individual has a right to know whether he is being

charged with one taking of twenty-one thousand dollars, on a specific date, or a series of takings over a period of two and one-half years, totalling twenty-one thousand dollars, and this you cannot tell by looking at this indictment."

The State has perfected this appeal from the order dismissing the indictment, and argues that the indictment states one offense of theft; that the law does not require the State to allege in the indictment whether the theft charged was committed by a single act, or by a series of successive acts constituting one continuous offense; and that the order of the trial court requiring such specificity to sustain the validity of the indictment is erroneous.

At article II, § 9 of the Constitution of Illinois (1870), it is provided that, "In all criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation and to have a copy thereof. . . ." This constitutional guaranty was designed "to secure to the accused such specific designation of the offense charged against him as will enable him to fully prepare for his defense, and to plead the judgment in bar of a subsequent prosecution for the same offense." People v. Peters, 10 Ill2d 577, 580, 141 NE2d 9. To implement these requirements of the Constitution, the Legislature, by the Code of Criminal Procedure of 1963 (c 38, § 100-1 et seq., Ill Rev Stats) provided that, "A charge [indictment] shall be in writing and allege the commission of an offense by: (1) Stating the name of the offense; (2) Citing the statutory provision alleged to have been violated; (3) Setting forth the nature and elements of the offense charged; (4) Stating the date and county of the offense as definitely as can be done; and (5) Stating the name of the accused. . . ." (C 38, § 111-3 (a), Ill Rev Stats (1963).)

The nature and elements of the offense of theft are set forth at c 38, § 16-1, Ill Rev Stats (1963) as follows:

"A person commits theft when he knowingly: (a) Obtains or exerts unauthorized control over property of the owner; or (b) Obtains by deception control over property of the owner; or (c) Obtains by threat control over property of the owner; or (d) Obtains control over stolen property knowing the property to have been stolen by another. . . . A person convicted of theft of property from the person or exceeding $150 in value shall be imprisoned in the penitentiary from one to 10 years."

█ The indictment here states the name of the offense, and we conclude that it also adequately describes its nature and elements by alleging, in the language of the statute, that Nancy Patrick knowingly obtained unauthorized control over the described property of another with the requisite intent. We do not think the indictment fatally defective for failure to cite "the statutory provision alleged to have been violated." In People v. Hill, 68 Ill App2d 369, 216 NE2d 212, the court correctly held that where an indictment adequately informs the accused of the nature and elements of the charge against him, failure to cite the proper statutory provision alleged to have been violated is not a basis for dismissal under § 114–1, or for an arrest of judgment under § 116–2. It is, rather, a basis for sustaining a motion for a bill of particulars under § 111–6.

The question presented by defendant's motion here, then, is whether this indictment complies with § 111–3 (a) (4), requiring that the date of the offense be stated as definitely as can be done, and if it does not, whether the indictment for that reason, fails to state an offense, and is accordingly subject to dismissal under § 114–1(a) (8) or § 116–2(b) (1).

█ Our Supreme Court of Illinois, in the cases of People v. Blanchett, 33 Ill2d 527, 212 NE2d 97, and People v. Petropoulas, 34 Ill2d 179, 214 NE2d 765, has had recent occasion to interpret articles 111, 114 and 116 of the Code of Criminal Procedure of 1963, including §§ 111–

3(a), 114–1(a)(8), and 116–2(b)(1), of c 38, Ill Rev Stats (1963). In Blanchett it was held that a pretrial motion, pursuant to § 114–1(a)(8), to dismiss an indictment for failure to state an offense, and a post-trial motion, pursuant to § 116–2(b)(1), in arrest of judgment for failure of the indictment to state an offense, are sustainable only where the defect in the indictment relates to noncompliance with § 111–3(a)(3), which requires a description of the nature and elements of the offense. Such motions were held not sustainable where the alleged deficiency relates merely to the question of whether the time and place, or date and county, of the alleged offense are stated under § 111–3(a)(4) as definitely as might have been done. The Supreme Court ruled further in Blanchett that the requirements of due process and those of the Code of Criminal Procedure (i. e., c 38, § 111–3(a)(4), Ill Rev Stats) are met, so far as describing the time and place, or date and county, of the alleged offense, if the indictment alleges that the offense charged was committed within the county where the charge is brought, and at a time which falls within the period permitted by the statute of limitations.

■ ■ Here, although its allegations as to time are broad, the indictment does allege a time within the statute of limitations, and where time is not the essence of, or an element of, the crime charged, this allegation is adequate to sustain the sufficiency of the indictment. People v. Blanchett, supra. This indictment purports to charge but one offense of theft and is therefore not duplicitous. We suggest, as did the Supreme Court in Blanchett, that this is an appropriate case for a motion for bill of particulars under § 111–6, for the purpose of ascertaining the exact time or times of the alleged theft, which would reveal, of course, whether the theft is alleged to have been committed by a single act, or by a series of successive acts comprising one continuous offense.

We conclude that the indictment here conforms with the requirements of § 111–3(a), and charges a criminal offense, and that the judgment of the trial court, on the pretrial motion, dismissing the indictment, was erroneous. Accordingly, the judgment of the trial court dismissing the indictment is reversed, and the case is remanded for further proceedings consistent with the opinions expressed herein.

Reversed and remanded.

ALLOY, J., concurs.

STOUDER, J., dissents.

I do not agree with the majority of the court since it is my opinion that the order of the trial court quashing the indictment was proper and its order should be affirmed.

In the revision of our system of criminal jurisprudence the draftsmen of the Criminal Code, chap 38, Ill Rev Stats 1963, endeavored to promote simplicity, reason and avoidance of technical distinctions, the reasons for which had long ago disappeared. The drafting committee fully recognized that its revisions were subject to constitutional principles and interpretations. In the committee's comments following chap 38, § 111–3, Ill Rev Stats 1963, as referred to in People v. Blanchett, 33 Ill2d 527, 212 NE2d 97, it is said, "The charge must tell the accused the nature and cause of the accusation against him (Ill Const art 11, § 9). Two general methods of drafting the charge formerly existed. The offense could be charged in the language of the statute or the facts which constitute the crime could be set out. (See People v. Barnes, 314 Ill 140, 145 NE 391 (1924).) It has been sufficient to charge the offense in the language of the statute when the words of the statute so far particularize the offense that by their use alone the Defendant is notified with reasonable certainty of the precise offense with which he is charged. (People v. Sims, 319 (393) Ill 238, 66 NE2d

86 (1946).)" It is therefore clear that there has been no diminution of the importance of the right of the accused to know the nature of the offense with which he is charged.

It should be noted that two sections, 16 and 17 of chap 38, Ill Rev Stats, 1963, dealing with theft and related offenses, replace 74 former sections dealing with the same offenses. Offenses heretofore known as larceny, larceny by trick, embezzlement, false pretenses, confidence game, as well as offenses dependent on the position of, or the relation between persons are now included under the offense of theft. The codification of the offenses against property under the single offense of theft, in broad and inclusive language, recognizes the common elements in offenses against property, namely the requisite mental state and the conduct with respect to the property itself. I do not agree with the majority that section 16 sets forth the nature and elements of the offense of theft in such terms that an accused will know the nature of the theft with which he is charged if the charge is in the terms of the statute. On the contrary the statute, in its effort to avoid technical distinctions, has left it to the drafter of the charge to particularize the offense coming within its terms.

The substance of the indictment in this case is that during a period of time A knowingly obtained unauthorized control over money of B. In effect, the indictment merely charges theft in general statutory language without in any way indicating the nature of the proscribed conduct or act. The failure of the indictment to reveal the nature of the offense is illustrated by the argument of Appellant. Appellant argues dehors the record of the indictment that the Defendant took money from her employer and that one act or a series of acts may be involved. If this be the gist of the proscribed offense it cannot be ascertained from the in-

dictment. It is equally apparent that under the statutory language employed in the indictment, evidence that the Defendant entered the premises of the cable company and took the money from the cash register would be within the terms of the indictment. Surely an indictment which encompasses such divergent conduct cannot be said to advise the accused of the charges.

In addition the reference to a period of time indicates either a continuous offense or a series of acts or conduct thus characterizing the conduct itself, which characterization is not supported by the remainder of the charge. Characterization of the proscribed conduct relates to the nature of the offense and is not merely a description of the date of the occurrence of the offense as provided in section 111–1 (a) (4), chapter 38, Ill Rev Stats 1963. Therefore, I believe that People v. Blanchett, supra, is distinguishable on principle from the instant case. In Blanchett the court was concerned with the problem created when the indictment charged the commission of the offense on a date different to that of its actual commitment, the court reaffirming the principles that the date or time of an offense did not refer to the nature of the offense itself. In my view of this case, the characterization of conduct resulting from the language employed in the description of a period of time is a part of the nature of the offense charged and both repugnant to or unsupported by the remainder of the charge, thereby failing to sufficiently advise the accused of the offense charged.