**People of the State of Illinois, Plaintiff-Appellee, v. James McClelland, Defendant-Appellant.**

Gen. No. 10,867.

Fourth District.

July 2, 1968.

Rehearing denied August 5, 1968.

Olsen, Cantrill & Miller, of Springfield, for appellant.

Raymond Terrell, State's Attorney of Sangamon County, of Springfield, for appellee.

CRAVEN, J., delivered the opinion of the court.

A 20-count indictment was returned by the Sangamon County Grand Jury charging the defendant, James E. McClelland, and his father, George W. McClelland, with various criminal acts arising out of a fight or altercation at a farm residence in Sangamon County during which a

Mr. and Mrs. Clarence Cook were injured. George W. McClelland died and was dismissed from the proceedings.

A motion to quash was allowed as to two counts of the indictment. There is no appeal by the People as to this action by the trial court.

At the conclusion of the State's evidence in the jury trial, the trial court directed a verdict as to an additional eight counts. The jury returned a verdict of guilty as to five counts, not guilty as to four counts, and no verdict was returned as to the remaining count. The verdict of guilty was to counts charging aggravated battery, battery, and three counts of reckless conduct.

A motion in arrest of judgment was allowed by the trial court for failure of the indictment to state the time and place of the offense. On appeal, this court reversed and remanded the case. People v. McClelland, 73 Ill App2d 410, 218 NE2d 807 (4th Dist 1966). Upon the remandment of the case, alleged errors asserted in the motion in arrest were considered by the trial court, apparently as in the case of a motion for a new trial. The motion was denied and the defendant was sentenced to the Illinois State Penitentiary for a term of one to two years. This appeal is from the judgment of conviction and sentence.

The defendant here contends that there was a failure to prove his guilt beyond a reasonable doubt, that there was a failure to establish that he was a party to the altercation, and asserts error in the admission of certain post-occurrence evidence and in the admission of evidence seeking to establish that the defendant's reputation for truth and veracity was bad. Complaint is also made of instructions given and refused.

The deceased, George McClelland, had an interest in a farm near New City in the County of Sangamon. His aunt, Lydia Page, held a life estate to the premises. The farm residence was occupied by a tenant, Albert Seaton. Some few days before August 16, 1964, George McClelland

served a five-day notice on the tenant demanding possession of the premises for nonpayment of rent. On August 16, George McClelland and his son, the defendant, left their home at Auburn in a farm truck driven by the son and went to the farm. The purpose of the trip, it is stated, was either to collect the rent or to ascertain whether the tenant had vacated the premises. They drove into the yard and saw an automobile parked in the drive. The truck was parked in the drive some 100 or 150 feet from the house. Both George McClelland and the defendant got out of the truck and proceeded toward the farmhouse. At this point a Mr. Clarence Cook came out of the farmhouse. Clarence Cook was on the premises to visit his mother, Mrs. Seaton, and his stepfather, Albert Seaton. The Seatons had left the premises earlier and Mr. and Mrs. Cook remained. Mrs. Cook was doing some laundry and Mr. Cook was reading in a room in the residence.

From the testimony of Cook, it appears that he saw the pickup truck drive into the area. He got up and went out, and George McClelland inquired as to the whereabouts of the Seatons. Cook explained their absence, and then George McClelland ordered him off the premises and hit Cook in the face. Cook got up and ran into the house and into a bedroom to get a shotgun located on a gun rack on the wall. He got the shotgun, loaded it, and started back through the living room onto the porch. His wife entered the scene at about this point and grabbed the shotgun and raised it up, and as she did so it discharged. After the shotgun discharged, the two men grabbed it. George McClelland, who was himself armed, started hitting and fighting with Cook. The wife tried to get the older man off her husband. The younger man—defendant—disarmed his father and, in the language of Cook, "grabbed the older one and held him while we got into the car and got away." Cook did not assert that James McClelland entered into the fight or in any way aided or abetted the father in the fight.

413

Ruth Cook, by her testimony, related essentially the same facts as her husband except that she did state that James McClelland pulled her off George McClelland who was on Mr. Cook, and when she jumped on George McClelland a second time the defendant jerked her off again, at which point she fell. According to her testimony, the defendant got a gun out of his father's pocket and held it down to his side. The defendant then got George McClelland off Mr. Cook and told George McClelland to let the Cooks go, and then held his father while the Cooks got into their car and left the premises. This is the occurrence testimony.

There is much evidence in this record as to subsequent events relating to the arrest, the condition of the defendant's home, and his demeanor and conduct, as well as that of George McClelland, at the time of their arrest and at the county jail. That testimony did not establish, by subsequent acts, any criminal agency so far as the defendant was concerned and its admission into evidence was error. People v. Hexum, 83 Ill App2d 192, 226 NE2d 877 (4th Dist 1967). The defendant testified in his own behalf and two witnesses were called to testify as to his reputation for truth and veracity. These two witnesses were from a community some distance from the residence of the defendant and there is nothing in the record that indicates their familiarity with the defendant in his home community or with his reputation as to truth and veracity. It is well established that reputation evidence must be limited to the witness' knowledge of reputation and reputation witnesses must be shown to have an adequate knowledge of the subject. See People v. Reeves, 360 Ill 55, 195 NE 443 (1935); People v. Bell, 61 Ill App2d 224, 209 NE2d 366 (4th Dist 1965).

It is axiomatic that it is the duty and the province of the trier of facts to determine the credibility of witnesses and the weight to be given their testimony.

A factual determination will not be disturbed in this court unless our review of the evidence and the record leaves us with a grave and serious doubt as to the guilt of the accused. People v. McCombs, 94 Ill App2d 308, 236 NE2d 569 (1968) and cases there cited. Such is the case here. We find no evidence in this record that the defendant participated in the criminal conduct that the evidence establishes to have been engaged in by his deceased father, nor do we find in this record any evidence, direct or circumstantial, that tends to prove criminal responsibility of the defendant by reason of having engaged in a common design aimed at criminal conduct or aiding and abetting criminal conduct by the father. The evidence is to the contrary. In view of the conclusion reached on this point, it becomes unnecessary to consider the other claims of error. The judgment of the Circuit Court of Sangamon County is reversed.

Judgment reversed.

SMITH, P. J. and TRAPP, J., concur.