The People of the State of Illinois, Plaintiff-Appellant, *v.* Joseph Anthony Augitto, Defendant-Appellee.

(No. 11360:

Fourth District—August 27, 1971.

Lawrence E. Johnson, State's Attorney, of Urbana, (James R. Burgess, Jr., Assistant State's Attorney, of counsel) for the People.

Robert Isham Auler, of Champaign, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant was charged with the illegal sale of a dangerous drug in violation of Chapter 111½, Section 802(b), Illinois Revised Statutes, 1967.

The case was tried before a jury. At the close of the Peoples' case a motion for directed verdict was denied, and at the close of all the evidence a motion for directed verdict was denied. The defense of entrapment was raised; the issues were submitted to the jury which returned a verdict of guilty.

Defendant filed a motion for judgment notwithstanding the verdict, or in the alternative for new trial. The magistrate took the motion under advisement and subsequently entered a judgment order finding, as a

matter of law, that defendant was entrapped, and entered judgment notwithstanding the verdict in favor of the defendant.

The People appeal from the judgment, and we took defendant's motion to dismiss the appeal with the case.

Supreme Court Rule 604(a) delineates and circumscribes the right of the State to appeal in criminal cases, and in part provides that in such cases the State may appeal from an order or judgment which results *in dismissing a charge* for any of the grounds enumerated in section 114—1 of the Criminal Code of Procedure of 1963.

The People urge that this appeal will lie and in support of that contention cite *People v. Love,* 39 Ill.2d 436, 235 N.E.2d 819; and *People v. Blanchett,* 33 Ill.2d 527, 212 N.E.2d 97.

In *Blanchett, supra,* the defendant had filed a motion in arrest of judgment on the ground that the information, upon which he had been tried, did not state an offense. The motion was denied by the trial court and on appeal this court reversed on the ground that the motion in arrest of judgment should have been allowed. The Supreme Court granted leave to appeal and held that the State had the right to appeal from the judgment of the appellate court because "The real effect of the appellate court decision is that of an order or judgment 'arresting judgment because of a defective information' ", and that paragraph 4 of Supreme Court Rule 27 specifically provided that the State could appeal from such an order or judgment. Ill. Rev. Stat. 1964, ch. 110, par. 101.27(4).

In *Love, supra,* the trial court had dismissed a complaint which charged the defendant with leaving the scene of an accident in violation of section 36 of the Uniform Act Regulating Traffic on Highways. (Ill. Rev. Stat. 1967, ch. 95½, par. 133.) The basis of the ruling was that defendant had not been arrested until 148 days after the issuance of the warrant, and that this was a violation of his constitutional right to speedy trial. The Supreme Court held that the State had a right to appeal from a judgment, "*   *   * the substantive effect of which resulted in the dismissal of the indictment" against the defendant.

The holdings in *Blanchett* and *Love, supra,* are not persuasive. The judgment here is not one which arrests judgment because of a defective charge nor is it one which has the substantive effect of dismissing an indictment.

The judgment of the court is plainly a judgment of acquittal. It has precisely the same effect as a verdict directed in favor of the defendant either at the close of the Peoples' evidence or at the close of all the evidence.

We also note that section 7—12 of the Criminal Code provides: "En-

trapment. A person is *not guilty* (emphasis *supplied*) of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, for the purpose of obtaining evidence for the prosecution of such person * * *." Ill. Rev. Stat. 1969, ch. 38, par. 7—12.

Hence, the finding of the trial court here that the defense of entrapment was established as a matter of law, is in substance and effect, a finding that the defendant is not guilty. No right to appeal from such a judgment is found either in Rule 604(a) or in the provisions of the Criminal Code therein incorporated, and indeed is expressly barred by the provision of section 7 of article VI of the Constitution of 1870 which provides: "* * * after a trial on the merits in a criminal case, no appeal shall lie from a judgment of acquittal."

Accordingly the motion is allowed and the appeal dismissed.

Appeal dismissed.

SMITH, P. J. and CRAVEN, J., concur.