THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MERLE L. FORD, Defendant-Appellee.

(No. 71-203; ▮▮▮▮▮▮▮)

Second District—May 4, 1972.

Jack Hoogasian, State's Attorney, of Waukegan, (John G. Green, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The defendant, Merle L. Ford, was charged with the offense of driving while under the influence of intoxicating liquors in violation of Section 11—501(a) of the Illinois Vehicle Code. (Ill. Rev. Stat. 1971, ch. 95½, sec. 11—501.) The matter proceeded to trial before a jury and a verdict was returned finding the defendant guilty as charged in the complaint. A special interrogatory was then submitted to the jury asking if they found that the defendant drove the vehicle to the place where it was observed by the witness for the State. The jury responded in the negative to the special interrogatory and the trial court then entered judgment for the defendant notwithstanding the verdict and adjudged him not guilty. The State has appealed from the judgment.

Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1971, ch. 110A, sec. 604(a)(1)) provides:

"In criminal cases the State may appeal only from an order or judgment, the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence."

The substantive effect of the judgment entered by the trial court did not result in a dismissal of the complaint for any of the grounds enumerated in Section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, sec. 114—1) or for the other reasons stated in Supreme Court Rule 604(a)(1).

The judgment entered was clearly a judgment of acquittal and was, therefore, not appealable by the State. *People v. Augitto,* 1 Ill.App.3d 78, 273 N.E.2d 15, 16.

For that reason, the appeal will be dismissed on the motion of the court.

Appeal dismissed.

T. MORAN and GUILD, JJ., concur.