THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BERNARDO PEREZ, Defendant-Appellee.

Second District   No. 76-190

Opinion filed July 26, 1977.

Gerry Dondanville, State's Attorney, of Geneva (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Thomas McCulloch, Public Defender, of Geneva (Ralph Ruebner, of State Appellate Defender's Office, of counsel), for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant was indicted and charged with the offense of attempted murder of one Eleazar Quintanilla in violation of sections 8—4 and 9—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, pars. 8—4 and 9—1). The charge was the result of an incident which took place at the Rivoli Tavern in Aurora, on May 18, 1975. The defendant waived his right to a jury trial and the case proceeded as a bench trial.

The only occurrence witness for the State was Quintanilla who testified that he arrived at the Rivoli Tavern shortly after 9:30 p.m., with his friends, Martinez and Lopez; that he was going to drop off some keys and then continue on to a dance in North Aurora; that he had seen the defendant on previous occasions and saw him in the Rivoli that night. Defendant asked Quintanilla if he wanted to play pool for money. Quintanilla told him "No," as he was going on to the dance. Following that conversation the defendant shot Quintanilla in the chest.

The defendant testified that he had arrived alone at the Rivoli Tavern around 9 p.m. on the evening of May 18, 1975. While there he met some friends. He beat Quintanilla in three games of pool at which point Quintanilla became angry; an argument started when Quintanilla wanted to play for money, but the defendant refused to do so. Quintanilla called defendant some names. Then Quintanilla came at defendant swinging a pool cue. The defendant retreated to a wall in the tavern, telling Quintanilla that he (the defendant) did not want any trouble; he pulled out his gun and shot Quintanilla. He did not know what portion of the body he aimed for because he was ducking the swings of the pool cue. On rebuttal, Quintanilla denied swinging a pool cue at the defendant and testified that he did not have a pool cue in his hand when he was shot by defendant.

Upon the conclusion of the trial on December 9, 1975, the court found the defendant guilty of attempt voluntary manslaughter and entered judgment thereon and ordered a presentence report. Immediately prior to signing the judgment order, the court made the following statement:

"I feel that he shot, and there was a circumstance which would tend to be a defense, but in the words of the Statute, his belief is unreasonable. I don't think it is reasonable.

He did act unreasonably and I'm finding that the State did prove their case as far as the self defense is concerned, that it was not self defense because his belief was unreasonable."

On January 6, 1976, the cause came on for hearing on the defendant's motion for a judgment of acquittal. After hearing the argument on the defendant's post-trial motions, the court entered an order as follows:

"(1). The defendant is acquitted of the offense of attempt murder.

(2). The order of conviction for attempt voluntary manslaughter is vacated.

(3). The defendant is discharged in this cause and the sheriff is ordered to release him forthwith."

At that time the court, considering voluntary manslaughter under section 9—2(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 9—2(b)) together with attempt (Ill. Rev. Stat. 1973, ch. 38, par. 8—4) and the use of force (Ill. Rev. Stat. 1973, ch. 38, par. 7—1), made the following statement:

"I think it's a question of more than just merely reading paragraph (b). I think when you read paragraph (b) of 9—2 along with attempt, and along with 7—1 on the use of force in the defense of the person, I think when you read those all together you still end up in the position that voluntary manslaughter is not a specific intent crime in the sense that at the time he shot the complaining witness he intended to do it, *but he had no specific intent to commit a crime at that time.*" (Emphasis added.)

As the State brings this appeal, the threshold question to be answered is whether the State has the right to appeal from the trial court's order. The State contends that the trial court did not acquit the defendant but released him because there was no such offense as attempt voluntary manslaughter under 9—2(b), and that therefore this record presents a question of law which is appealable under Illinois Supreme Court Rule 604(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)). The defense in response argues that the trial judge vacated the finding of guilty on the attempt voluntary manslaughter offense based on the trial court's failure to find that the defendant was possessed of the necessary intent to be convicted of such offense and as such it is a judgment of acquittal from which the State may not appeal.

We do not reach for the purposes of this appeal the propositions contended for by the State as the record before us supports a finding that the trial court's vacation of his finding was based on the defendant's lack of the necessary intent to commit the offense of attempt voluntary manslaughter.

From the record, the failure of the trial court to find the intent necessary for attempted murder resulted in a judgment of acquittal on that offense. It follows then that the finding of the trial court that the defendant possessed no intent to commit a crime (a requirement under the attempt statute), must have the same result. The effect of the vacation of the finding of guilty of attempt voluntary manslaughter is that of a judgment of acquittal.

As the effect of the proceedings above was an acquittal on all charges, it

is therefore not appealable by the State. Ill. Const. 1970, art. VI, §6; *People v. Ford* (1972), 5 Ill. App. 3d 200, 282 N.E.2d 483; *People v. Augitto* (1971), 1 Ill. App. 3d 78, 273 N.E.2d 15.

For that reason the appeal will be dismissed and it is therefore unnecessary to consider the other matters raised by the State in this appeal.

Affirmed.

GUILD and NASH, JJ., concur.