THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DON W. FERGUSON *et al.*, Defendants.—(DON W. FERGUSON *et al.*, Defendants-Appellants.)

Fourth District   No. 14137

Opinion filed October 7, 1977.

Richard J. Wilson and Ann L. Carr, both of State Appellate Defender's Office, of Springfield, for appellants.

Roger W. Thompson, State's Attorney, of Lincoln (Robert C. Perry and Marc D. Towler, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

A jury in the circuit court of Logan County rendered verdicts of guilty of the offense of burglary against both defendants here involved, together with a third defendant, Girdler, not involved in this appeal. Post-trial motions as to Ferguson and Humphrey were denied and terms of imprisonment of 1 to 3 and 3 to 9, respectively, were imposed. The post-trial motion as to Girdler was allowed and he was granted a new trial.

Defendants raise three issues on appeal. As to Ferguson, that the new trial granted to Girdler, when the evidence as to both was at least the same, if not stronger as to Girdler, raises a reasonable doubt as to him; as to Humphrey, that he was not proved guilty beyond a reasonable doubt; as to both Ferguson and Humphrey, that section 111—2(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—2(a)) is unconstitutional.

At the core of Ferguson's argument is the question of identification. It would serve no useful purpose here to detail all of such evidence. Suffice it to say, it was contradictory and confusing in most respects, although a careful reading of the testimony demonstrates a reasonably clear picture of Ferguson's involvement in the offense, but a minimal connection of Girdler, if at all. In ruling on Girdler's post-trial motion, the trial judge said, "The Court's simple determination granting the new trial is the lack of identification of the defendant." We cannot quarrel with such an assessment of the evidence.

Set against the lack of identification of Girdler are inculpatory admissions by Ferguson made both immediately following the offense and later to one of the principal witnesses for the People, named Ingram. Girdler made no such admissions to anyone.

In *People v. Stock* (1974), 56 Ill. 2d 461, 465, 309 N.E.2d 19, 21, the supreme court said, "The general rule in Illinois and the majority rule elsewhere is that the failure of a jury to convict one co-defendant does not raise a reasonable doubt as to the guilt of the other co-defendants. [Citations.] For a reasonable doubt to be raised in such cases, it must be shown that the evidence given against all of the defendants is identical in all respects. [Citation.]"

■■ We find that both the quantity and quality of the evidence against Ferguson was different and stronger than that against Girdler.

In many respects the case at bar resembles *People v. Taylor* (1974), 25 Ill. App. 3d 396, 323 N.E.2d 388. In that case co-defendants were tried simultaneously, two by the court, one by the jury. The court found one guilty and acquitted the other; the jury convicted. The question of acquittal of a co-defendant was raised and the court said, "However, it is equally well settled that when there is the slightest difference in the evidence as between two persons jointly tried, the trier of fact may weigh the evidence and make allowance for such difference." *Taylor*, 25 Ill. App. 3d 396, 403, 323 N.E.2d 388, 393.

■■■ In the case at bar, both sides treat Girdler as "acquitted" when, as a matter of law, he was not. In his brief Ferguson says, "Although the judge called his ruling the granting of a new trial, the ruling in effect was a reversal of Girdler's conviction for insufficiency of evidence." During the course of a criminal trial, the court may direct a verdict for the defendant either at the close of the people's evidence or at the close of all of the evidence, and such a direction will operate as an acquittal of the defendant. Upon post-trial proceedings, the court may grant a new trial or grant a motion in arrest of judgment on certain limited grounds (Ill. Rev. Stat. 1973, ch. 38, pars. 116—1, 116—2). Such power is much more limited than the general power of the court to set aside a jury verdict by judgment *n.o.v.* on the civil side. Whatever the practical effect of granting

a new trial to a criminal defendant may be, the fact remains that the indictment or information is still alive and awaiting disposition. In *People v. Augitto* (1971), 1 Ill. App. 3d 78, 273 N.E.2d 15, the trial court entered what was denominated a judgment notwithstanding the verdict in favor of the defendant, but this court held, disregarding labels, that it had the same effect as a directed verdict. In the case at bar, there was no directed verdict and no arrest of judgment, only a new trial. Girdler was not acquitted, he was convicted. While the granting of a new trial for insufficiency of evidence is generally considered to be a *rara avis*, it is not unheard of.

We do not know yet whether Girdler will ultimately be convicted or acquitted, and to that extent his argument is even weaker than those made in *Stock* and *Taylor*.

Turning next to Humphrey's contention that he was not proved guilty beyond a reasonable doubt, we find no merit in it.

■■ The final issue concerns the validity of section 111—2(a). This court has recently had occasion to consider the issue in *People v. Tibbs* (1977), 46 Ill. App. 3d 310, 360 N.E.2d 993. In *Tibbs* it was held that a retroactive application of the statute was not an *ex post facto* violation. *A fortiori*, a present application cannot be unconstitutional.

More recently the Fifth District Appellate Court heard an identical argument in *People v. Vaughn* (1977), 49 Ill. App. 3d 37, 363 N.E.2d 879, and characterized it as "specious."

We adhere to our decision in *Tibbs* and cite with approval the language in *Vaughn*.

The convictions of both defendants are affirmed.

Affirmed.

MILLS, P. J., and TRAPP, J., concur.