THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MICHAEL WALLERSTEDT, Defendant-Appellee.

Third District    No. 78-176

Opinion filed October 22, 1979.

Edward Petka, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The People of the State of Illinois (hereinafter "State") appeal from a judgment of the Circuit Court of Will County, in which the trial court, after a jury had returned a verdict, finding defendant Michael Wallerstedt guilty of armed robbery, "dismissed the indictment" against the defendant Wallerstedt, holding that the evidence was insufficient to sustain the armed robbery conviction. The issue sought to be raised by the State is whether the trial judge erred in dismissing the indictment against the defendant after the jury had returned its verdict of guilty. A preliminary issue, with respect to the right of the State to appeal in this case, has been raised by the defendant. Defendant contends that the State does not have the right to appeal from the judgment entered, in view of the fact that, in substance and effect, the determination was a judgment of acquittal by the trial court.

The record discloses that on August 17, 1977, defendant Michael Wallerstedt was indicted for two separate offenses: (1) aggravated kidnapping and (2) armed robbery. The armed robbery indictment was based on the accountability statute (Ill. Rev. Stat. 1977, ch. 38, par. 5—2(c)(1)). The indictment charged that Wallerstedt aided one Steven Fehr in the commission of an armed robbery.

The facts and circumstances giving rise to the indictment stem from an incident occurring on July 22 and July 23, 1977. The evidence produced by the State indicated that on July 22, 1977, John Reinhofer attended a party at a Will County farm. In the early morning hours of July 23, 1977, while Reinhofer was at the party, he was confronted by a number of persons at that party, including the defendant, and, also, Steven Fehr, Rebecca Hopman, and others. The confrontation arose by reason of Reinhofer's previous activity as a drug informant during 1976, which activity allegedly resulted in a narcotics prosecution against Fehr.

The testimony at the trial indicated that Fehr, with others in support, threatened and taunted Reinhofer outside the barn, and at one point Fehr put a gun to Reinhofer's head and told him he was dead. When Reinhofer tried to get back into his automobile to leave, defendant Wallerstedt shut the door. Others then grabbed Reinhofer and pushed him into the barn. There, after another unsuccessful attempt by Reinhofer to escape, Fehr again put a gun to his head and Wallerstedt, along with another, grabbed Reinhofer and pushed him. Reinhofer testified that Wallerstedt, along with others, urged Fehr to "either kill him or hang him." Continuing threats were made to Reinhofer until he offered to pay Fehr $4,000, the alleged cost of his attorney's fees on the narcotics charge. In response, Fehr struck Reinhofer and made further threats. Reinhofer then apparently convinced Fehr to take the money which was at his house in town, and they went to the cars parked outside the barn. Fehr, defendant Wallerstedt, Rebecca Hopman and Reinhofer got into Reinhofer's automobile. Others got into another automobile. The first auto was driven by Reinhofer, with Hopman and Fehr riding in the front seat with Wallerstedt in the back seat. They drove to the Reinhofer house, with either Hopman or Fehr holding a gun on Reinhofer for at least part of the trip. When they got to the house, Reinhofer drove in the driveway. There, Fehr attempted to grab the keys out of the ignition "for security," but Reinhofer was able to get them and jump out of the car. Fehr then jumped out of the car, stopped Reinhofer with a gun to his head and said, "Give me the keys." Reinhofer, after first hesitating, gave a key to Fehr and then ran into the house. When Fehr tried the key in the ignition, he realized that Reinhofer had given him the trunk key. At that point, Reinhofer's parents emerged from the house, shouting that they wanted to see Steven Fehr. Fehr and the others then jumped into the other vehicle and left. While there is no need to set it forth at length for the purposes of this appeal, we do note that there was considerable impeaching evidence of Reinhofer presented, largely in the form of very inconsistent statements by him concerning the night in question.

After presentation of closing arguments and the giving of instructions, the jury deliberated and returned verdicts acquitting Wallerstedt of aggravated kidnapping but finding him guilty of armed robbery, unlawful restraint and aggravated assault. The trial court found Steven Fehr and Rebecca Hopman not guilty of armed robbery and not guilty of aggravated kidnapping. Fehr and Hopman had requested bench trials in the same proceedings involving Wallerstedt. Hopman was found guilty of aggravated assault and Fehr was found guilty of unlawful restraint and aggravated assault.

Subsequently, Wallerstedt filed a motion for acquittal or, in the alternative, for a new trial. The motion was essentially based upon the

fact that the jury's finding that Wallerstedt was guilty of armed robbery was inconsistent with the trial court's finding that Fehr and Hopman were not guilty of armed robbery and that, therefore, the conviction could not stand. Wallerstedt's indictment on the armed robbery charge had been based, as we have noted, on the accountability statute with Fehr as the principal. The factual basis of the armed robbery charge was the forceful taking of the trunk key. After hearing arguments of counsel on the motion for acquittal, the trial court ruled that the evidence was not sufficient to sustain Wallerstedt's conviction for armed robbery and thereupon dismissed that count of the indictment. The remaining convictions, for unlawful restraint and aggravated assault, were not disturbed and Wallerstedt perfected an appeal from those convictions separately. (See *People v. Hobson* (1979), 77 Ill. App. 3d 22, 396 N.E.2d 53.) The State subsequently filed the appeal in the instant case with respect to the court's action in dismissing the armed robbery indictment.

■■■ We find it unnecessary to reach the substance of the issue raised by the State in its brief in view of the fact that we agree with the position taken by the defendant that the appeal by the State must be dismissed. Supreme Court Rule 604 governs appeals by the State in criminal cases. In pertinent part, that section provides:

> "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." (Ill. Rev. Stat. 1977, ch. 110A, par 604(a)(1).)

We note that in the present case the trial court did not dismiss the indictment for any of the reasons specified in Supreme Court Rule 604. The trial court in fact found that the evidence was not sufficient to support Wallerstedt's conviction for armed robbery and it dismissed the indictment on that basis. We have recently noted that an acquittal occurs:

> " * * * only when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.' " *People v. Deems* (1979), 74 Ill. App. 3d 543, 548, quoting with approval from *United States v. Scott* (1978), 437 U.S. 82, 97, 57 L. Ed. 2d 65, 78, 98 S. Ct. 2187, 2196. See also *People v. Jones* (1979), 75 Ill. App. 3d 945, 393 N.E.2d 1372.

In the instant case, though labeled a dismissal of the indictment, the trial court did resolve factual elements of the armed robbery charge in

defendant's favor. The court held that the State's evidence was insufficient to support the conviction. It is thus apparent that the substantive effect of the court's action was to grant the defendant's motion for acquittal on the armed robbery charge by reason of the insufficiency of the evidence.

The Illinois Constitution of 1970, article VI, section 6, provides that "after a trial on the merits in a criminal case, there shall be no appeal from a judgment of acquittal." (See *City of Peoria v. Davis* (1976), 39 Ill. App. 3d 557, 350 N.E.2d 531.) We have, accordingly, concluded that it is obvious that the appeal in this case must be dismissed in view of the record.

■■ The difficulties appellate counsel have had with the instant case are the result of procedural irregularities in the trial court with an unjustified emphasis on labels of certain proceedings by counsel. In its brief, the State, arguing against dismissal of the appeal, characterizes the trial court's action as one granting defendant a judgment notwithstanding the verdict. The State argues, on such basis, that the judgment is not provided for in the Code of Criminal Procedure and that such judgment went beyond the authority granted to the trial court in criminal matters. The defendant, in his brief, appears to accept that characterization and also argues its propriety. It is true that the effect of the ruling by the trial court in this case was similar to that which results in civil cases when a judgment *n.o.v.* is entered, but such particular procedural designations normally would apply only on the civil side. (Ill. Rev. Stat. 1977, ch. 110, par. 68.1. See *People v. Ferguson* (1977), 54 Ill. App. 3d 886, 888, 368 N.E.2d 170.) The Code of Criminal Procedure, however, as pointed out by the defense, does permit the trial court to direct a verdict in favor of the defendant and to enter a judgment of acquittal when the evidence is insufficient to support a finding or verdict of guilty. (Ill. Rev. Stat. 1977, ch. 38, par. 115—4(k).) We have recently found that while section 115—4(k) provides for such action either at the close of the State's case or at the close of all the evidence, the trial court may reserve ruling on the motion made at the close of all the evidence until after the jury has returned its verdict. (*People v. Trump* (1978), 62 Ill. App. 3d 747, 748, 379 N.E.2d 370.) In its total effect, that is what the trial court did in the instant case.

In *People v. Augitto* (1971), 1 Ill. App. 3d 78, 273 N.E.2d 15, the defendant was charged with the illegal sale of a dangerous drug. Directed verdict motions by defense were made and denied both at the close of the State's case and at the close of all the evidence. The jury returned a verdict of guilty. The defense then filed a motion for a judgment *n.o.v.* or, alternatively, for a new trial. The trial court entered a judgment *n.o.v.* in favor of the defendant, finding that as a matter of law the defendant was entrapped. The State appealed and the defense filed a motion to dismiss.

The appellate court allowed the motion to dismiss, citing Supreme Court Rule 604(a). Considering the substance of the action by the trial court, and not the misleading label, the court stated:

> "The judgment of the court is plainly a judgment of acquittal. It has precisely the same effect as a verdict directed in favor of the defendant either at the close of the Peoples' evidence or at the close of all the evidence." (1 Ill. App. 3d 78, 79.)

The court also noted that the trial court's finding that the defendant was entrapped, as a matter of law, was, "in substance and effect, a finding that the defendant is not guilty." (1 Ill. App. 3d 78, 80.) Thus, no appeal by the State was available. (See also *People v. Ford* (1972), 5 Ill. App. 3d 200, 282 N.E.2d 483.) In *Ford* the trial court entered a judgment *n.o.v.* for defendant after the jury returned a special interrogatory inconsistent with their verdict of guilty. The appellate court, relying upon Supreme Court Rule 604, addressed itself to the substance of the action and noted that the judgment entered was clearly a judgment of acquittal. The appellate court dismissed the appeal.

In the instant case, the normal procedure for the trial court to have followed would have been for the court to reserve its ruling on the defendant's motion for a directed verdict at the close of all the evidence until after the jury had returned its verdict. The trial court could then have granted that motion on the basis of the insufficiency of the evidence. In the instant case, it did not do this, but actually routinely denied that motion. After the jury had returned its verdict on the armed robbery charge, the trial court, in response to a defense motion for acquittal, found that the evidence was insufficient to support the conviction for armed robbery. It then entered its order "dismissing the indictment." As we have previously indicated in this opinion, that order, in substance and effect, acts as a directed verdict in favor of the defendant and amounts to a judgment of acquittal on the armed robbery charge. For the reasons stated, therefore, the judgment is not appealable by the State. The appeal, accordingly, is dismissed.

Appeal dismissed.

STOUDER, P. J., and BARRY, J., concur.