**People of the State of Illinois, Plaintiff-Appellee, v. Debbie Adams, Defendant-Appellant.**

Gen. No. 52,929.

First District, Third Division.

April 17, 1969.

Earl E. Strayhorn, R. Eugene Pincham, and Charles B. Evins, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Charles Whelan, Jr., and Edward Stasukaitis, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from judgments entered in the Circuit Court of Cook County where, after a trial without a jury, the defendant was found guilty of prostitution, battery, and resisting arrest, and was sentenced to a term of six months in the House of Correction on each charge, said sentences to run concurrently.

The defendant contends that she was not proven guilty beyond a reasonable doubt and that the complaints under which she was tried and convicted were fatally defective for failure to allege the county and the year in which the offenses were committed.

On behalf of the prosecution, Officer Edward Rifkin of the Chicago Police Department testified that on the night of June 29, 1966, he was assigned with Officer Dice to the Vice Unit of the 18th District of the Chicago Police Department. Shortly after midnight, the witness was standing in the vicinity of 600 North Michigan Avenue when the defendant walked by him and then returned to where he was standing. She asked him if he was interested in a party. The officer replied affirmatively, and the defendant told him that this party would "cost him some money." According to Officer Rifkin, the defendant stated: "I will french you or give you a half and half and it will cost you ten dollars." The defendant was taken to the officer's car at which time he identified himself as a police officer and placed the defendant under arrest. The defendant screamed, refused to get into the car, and struck the officer in the face with her purse. With the aid of Officer Dice who at that time approached the scene, the defendant was subdued and taken to the

387

police station. At the station, the defendant again struck Officer Rifkin in the back with one of her high-heeled shoes.

The defendant testified on her own behalf that on the night and at the location in question, Officer Rifkin grabbed her and announced, "Come on, Let's turn a trick" to which she replied, "Go on. I don't know you." Miss Adams stated that she was then pulled into the car and informed that she was being charged with soliciting. She denied that she had struck Officer Rifkin.

██ The defendant contends that she was not proven guilty beyond a reasonable doubt but noticeably fails to present any argument in support of this contention. Points not argued are waived. (Supreme Court Rule 341(e)(7) ; People v. Hamlett, 408 Ill 171, 96 NE2d 547.) It is therefore unnecessary to review this contention.

█ It is also argued that the complaints were fatally defective because the body of each of the three complaints which were consolidated for trial failed to allege the county and year in which the offense was committed. After the defendant was sentenced, defense counsel submitted a written motion in arrest of judgment wherein the sufficiency of the complaints was attacked. The motion was denied.

It is undisputed that the complaints omitted the county and the year of the alleged offenses. It is also undisputed that the captions of the complaint indicated that the complaints were filed in the Circuit Court of Cook County, and were signed, sworn to and filed on June 29, 1966. The body of each charge did allege that the offense was committed at "600 North Michigan."

This court in People v. Hill, 68 Ill App2d 369, 216 NE 2d 212, upon which the defendant relies, indicated that at the time of that decision there was no authority for holding that venue could properly be laid by alleging merely a street address without alleging the county regardless of

the contents of the caption on the criminal complaint. However, subsequent to that decision, the Supreme Court affirmed a conviction under a criminal complaint in which the designation of the county where the offense was committed was omitted. (People v. Williams, 37 Ill2d 521, 229 NE2d 495.) As in the case at bar, the caption of the complaint indicated that it had been filed in Cook County. At pages 524–525 the court stated:

> "Where, as in this case, there is no conflict between the caption and the body of the charge, no suggestion that the venue was improper or improperly proved, and no showing of prejudice to the defendant, we see no reason to refuse to read the caption as part of the complaint. So read, the complaint sufficiently designates the county in which the offense was alleged to have been committed."

(See also: People v. Gregory, 95 Ill App2d 396, 237 NE 2d 720.)

In the instant case, there is no suggestion that venue was improper or that the captions were inconsistent with the body of the complaints. Moreover, the testimony of the defendant reveals that she was fully aware of the location of the alleged crimes. Therefore, we find no merit to this contention advanced by the defendant.

■■ The defendant also points to the omission of any designation of the year of each of the alleged offenses. Each complaint recited that the offense was committed on or about "29th June." Such a defect is merely one of form and does not render the charge fatally deficient. (People v. McGowan, 415 Ill 375, 114 NE2d 407; People v. Schmidt, 10 Ill2d 221, 139 NE2d 726.) Such a defect could have been cured by amendment requested by the defendant (Ill Rev Stats 1967, c 38, § 111–5) or by requesting the State to furnish a bill of particulars (Ill Rev Stats 1967, c 38, § 114–2(a)).

Since the defendant's only challenge to the sufficiency of the complaints relative to the allegations of time and place was made after trial by means of a motion in arrest of judgment, the motion was not timely, and the trial court properly denied that motion. (People v. Blanchett, 33 Ill2d 527, 212 NE2d 97.) Furthermore, the record reveals that the defendant was fully aware of the date in question during the trial of the cause. No prejudice could have resulted from these formal rather than substantive or fatal defects.

It is also argued that the defects complained of resulted in charges which cannot be pleaded in bar to a subsequent prosecution for the same offenses. This argument is without merit. In People v. Petropoulos, 59 Ill App2d 298, 327, 208 NE2d 323 (affd 34 Ill2d 179, 214 NE2d 765), the Appellate Court said:

> "Concern has been expressed in some of the cases (including Williams) over the need to furnish details in an indictment in order to prevent double jeopardy. We feel that this need not be a problem, because almost every indictment complying with the statute would be adequate to meet this requirement. If in a rare case it were not, then the defendant could introduce the record or parol evidence of his former prosecution. People v. Jankowski, 391 Ill 298, 302, 63 NE2d 362; People v. Brady, 272 Ill 401, 409, 112 NE 126."

For the foregoing reasons, the judgments are affirmed.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.