**People of the State of Illinois, Plaintiff-Appellee, v. Vaughn O. Greenwood, Defendant-Appellant.**

**Gen. No. 53,355.**

First District, Fourth Division.
September 24, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Saul H. Brauner, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, David C. Baylor, and Morton Friedman, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant was indicted in Indictment No. 67–1377 on two counts of aggravated battery of one Willie Plump. Count 1 of the indictment alleged that defendant committed a battery on Plump causing him great bodily harm; and Count 2 alleged a battery on Plump with the use of a deadly weapon. Defendant was also indicted in Indictment No. 67–1376 on two counts of aggravated battery of one Mance Porter. After a bench trial, defendant was found guilty of both counts of aggravated battery of Mance Porter and guilty of Count 2 of aggravated bat-

tery of Willie Plump; he was found not guilty of Count 1 of aggravated battery of Plump. Judgment was entered and defendant was sentenced for a term of four to five years on Count 2 of Indictment No. 67–1377 and for a term of from eight to ten years on Indictment No. 67–1376, the terms to run concurrently.

Defendant raises three points on appeal. First, defendant argues that the indictments are faulty, vague and insufficient, and do not identify the offense, nature of the elements and the statute violated. Secondly, defendant argues that the trial court erred in accepting a jury waiver from him. Thirdly, defendant argues that his sentence was excessive.

EVIDENCE

Defendant met Mance Porter, aged seventy, in Skinner Park at about 10:30 or 11:00 p. m. on May 16, 1966; before that time they had never met. They eventually went to Porter's apartment where some homosexual activity took place. According to Porter's testimony, when the homosexual act was completed, defendant put on his shorts and produced a pocket knife. Defendant asked Porter for money; and when Porter explained that he had none and that he was on social security, defendant came at him with the pocket knife. Defendant then went into the closet and came out with a butcher knife and cut Porter. Porter began to scream and defendant cut him again. Defendant then got an instrument that looked like a cake turner and cut him under the neck. Porter then lost consciousness.

Willie Plump testified that he resides in the building next to Porter. At about 3:15 a. m. on May 17 he heard Porter scream for help and he then proceeded to Porter's apartment. When he arrived at Porter's door, defendant came running out with a knife in his hand. Plump grappled with defendant and was able to disarm him. Defendant attempted to get dressed while holding Plump off with

169

a chair. Defendant was unable to dress and fled through a window wearing only his shorts. Throughout the struggle, Porter was lying on the floor. The police arrived ten or fifteen minutes after defendant fled.

James Watkins testified that he lives in the same building as Porter and that about 3:15 a. m. on May 17 he heard voices and went to investigate. When he arrived at Porter's room he observed Porter lying on the floor bleeding; Plump was pushing defendant back. Both Plump and defendant were bleeding.

Officer Jack Johnson testified that he responded to a call and arrived at Porter's apartment at about 3:30 a. m. on May 17. He observed a man lying in a pool of blood. He had the man transported to the hospital.

Detective Donald Masnjak went to Porter's room at about 3:15 a. m. on May 17. The room was splattered with blood. He found some papers which had the. name of the victim. He also found a wallet that contained a social security card with defendant's name on it.

OPINION

■ Defendant's first argument is that the indictments are fatally defective. One alleged defect is that the indictments were issued by the April 1967 grand jury but charge defendant with crimes allegedly committed on May 17, 1967. This defect is not fatal, however, because the evidence disclosed that the crimes were actually committed on May 17, 1966, and the placing of the "1967" date on the indictment was a mere clerical error and did not, in any way, hamper the preparation of a defense or prejudice defendant. See People v. Bradley, 70 Ill App 2d 281, 287–288, 217 NE2d 434.

■ Defendant next urges that Count 1 of Indictment No. 67-1376 fails to charge defendant with any offense. That count recites that defendant:

. . . committed the offense of aggravated battery, in that he, intentionally and knowingly, without legal

justification, committed a battery upon Mance Porter which caused great bodily harm to said Mance Porter in violation of Chapter 38, Section 12–4, of the Amended Illinois Revised Statutes 1965, contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois.

Defendant's contention is that this count does not charge defendant with any offense since section 12–4 by itself without any further designation is no crime and does not inform the defendant of any specific charge against him. Defendant goes no further than to simply state this proposition; and we find it without merit. The aggravated battery statute, Ill Rev Stats 1965, c 38, § 12–4(a), defines the crime as follows:

A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery and shall be imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to 10 years.

This statute read together with Count 1 of the indictment clearly indicates the crime with which the defendant is charged. Defendant argues that subsection "(a)" should have been indicated in the indictment after "Section 12–4" but this is not a fatal defect since there can be no mistake about the relevant subsection when the statute is read with the indictment.

Defendant also contends that the second counts in both indictments are fatally defective. The texts of both indictments * clearly and unequivocally charge defendant

---

* Count 2 of Indictment No. 67–1376 states that defendant:
". . . committed the offense of aggravated battery, in that he, in committing a battery on Mance Porter, used a deadly weapon, in violation of Chapter 38, Section 12–4(b)(2), of the Amended Illinois Revised Statutes 1965, . . ."

171

with aggravated battery by reason of the use of a deadly weapon, and the proof offered at trial conforms to the text of the indictments. However, the indictments allege that the crime was in violation of subsection (b)(2) of section 12–4 of chapter 38, Ill Rev Stats 1965, which provides in pertinent part:

> (b) A person who, in committing a battery, either:
>
> (1) Uses a deadly weapon; or
> (2) Is hooded, robed or masked, in such a manner as to conceal identity; or . . .

Defendant argues that the reference in the indictments to subsection (b)(2) invalidated the indictments. Defendant makes no allegation or argument that he was prejudiced by this miscitation; he argues only that chapter 38, section 111–3(a)(2), Ill Rev Stats 1965, requires "[c]iting the statutory provision alleged to be violated," and that therefore the miscitation is fatal. In People v. Gilmore, 101 Ill App2d 447, 243 NE2d 473, the court held:

> It is well established that an indictment must adequately inform the accused of the offense with which he is charged so as to enable him to prepare his defense in order to fulfill the requirements of Article II, section 9 of the Illinois Constitution. People v. Moore, 368 Ill 455, 14 NE2d 494; People v. Braun, 375 Ill 284, 31 NE2d 287. Niceties and strictness of pleading are supported only where a defendant would be otherwise surprised at trial or be unable to meet the charge or to prepare his defense. People v. Woodruff, 9 Ill2d 429, 137 NE2d 809.

Count 2 of Indictment No. 67–1377 states that defendant:
". . . committed the offense of aggravated battery, in that he, in committing a battery on Willie Plump, used a deadly weapon, in violation of Chapter 38, Section 12–4(b)(2), of the Amended Illinois Revised Statutes 1965, . . ."

In People v. Hill, 68 Ill App2d 369, 216 NE2d 212, a complaint charged the defendant with theft in violation of a nonexistent municipal ordinance. Although the conviction was reversed on other grounds the court emphasized that the complaint adequately stated the nature, cause and elements of the charge against the defendant. The court stated at page 375:

> Failure to cite the statute or the correct provision thereof is error but, in view of the description of the offense given in the complaint, is not an error which, in itself, vitiates the complaint. . . . The complaint adequately informed the defendant of the nature and cause and the elements of the charge against him so that he knew precisely what he was called upon to meet, and thereby fulfilled the requirements of article II, section 9 of the Constitution and of section 111–3(a)(3) of the 1963 Code of Criminal Procedure. People v. Burns, 403 Ill 407, 86 NE2d 197 (1949); People v. Brown, 336 Ill 257, 168 NE 289 (1929). Failure to cite the proper statutory provision alleged to have been violated is not a ground for dismissal under section 114–1(a) or for arresting judgment under section 116–2(b) of chapter 38, and cannot be equated with a failure of the charge to state an offense.

See also People v. Bridges, 67 Ill App2d 236, 214 NE2d 539; People v. Gilmore, supra.

█ We therefore find that the second counts of the indictments stated an offense and that the incorrect citation of the statutory provision did not invalidate the convictions.

█ Defendant's next argument is that he did not understandingly waive a jury. The following colloquy took place between the trial judge and defendant concerning the jury waiver:

The Clerk: People of the State of Illinois versus Vaughn Greenwood.

Mr. Toole: We are answering ready for trial, is that right, Mr. Greenwood?

The Defendant: Yes.

Mr. Toole: And we are going to have a bench trial.

The Defendant: Yes.

The Court: Is the State ready?

Mr. Eisen: Yes, Judge, I believe the State is ready.

The Court: Do you understand that you have a right to a jury trial?

The Defendant: Yes.

The Court: You indicate you wish a bench trial in spite of this right to have a jury trial?

The Defendant: Yes, sir.

The Court: Would you indicate that by signing a jury waiver, please.

(Jury waiver signed.)

Relying on People v. Bell, 104 Ill App2d 479, 244 NE2d 321, defendant argues that the trial judge should have explained the meaning and significance of a jury trial. Reliance on Bell is misplaced because there the defendant made a positive manifestation that he did not know what a jury trial was. In such a circumstance, as we there held, it is incumbent upon the trial judge to explain precisely a defendant's right to a jury trial. But in the instant case where defendant indicated his understanding of the nature of a jury trial, where he clearly stated his desire to waive a jury trial, and where he signed

the jury waiver, there was no reason for the trial judge to make a further explanation. See People v. Collins, 112 Ill App2d 458, 251 NE2d 325. We thus hold defendant's waiver of a jury trial was understandingly made as required by statute. Ill Rev Stats 1967, c 38, § 103–6; People v. Richardson, 32 Ill2d 497, 207 NE2d 453.

■ Defendant's final contention is that his sentence was excessive. The test for determining whether a sentence is excessive was set forth by the Illinois Supreme Court in People v. Miller, 33 Ill2d 439, at page 444, 211 NE2d 708:

> Where it is contended that the sentence imposed in a particular case is excessive, though within the limits prescribed by the legislature, we will not disturb the sentence unless it clearly appears that the penalty constitutes a substantial departure from the fundamental law and its spirit and purpose, or that it is not proportioned to the nature of the offense. (People v. Smith, 14 Ill2d 95.)

See also People v. Taylor, 33 Ill2d 417, 424, 211 NE2d 673.

In the instant case there was an especially brutal attack on the seventy-year-old Mance Porter. In the hearing on mitigation and aggravation it was shown that defendant had received a thirty-day sentence in 1958; a 120-day sentence after attempt escape in Oregon in 1962, and a three-year sentence in Oregon on a burglary charge also in 1962. Defendant testified that the last time he had a job was "last year." Under these circumstances we find no reason to reduce the sentence.

Affirmed.

ENGLISH and McNAMARA, JJ., concur.