THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY G. CURRY, Defendant-Appellant.

(No. 11396:
(No. 11434;

Fourth District—August 27, 1971.

Morton Zwick, Director of Defender Project, of Chicago, (Matthew J. Moran, of counsel,) for appellant.

Everett L. Laury, State's Attorney of Danville, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

We review two proceedings in this consolidated appeal. In January 1968, the defendant was indicted for burglary of a jewelry store and petty theft. He was represented by the then appointed public defender of Vermilion County, John Unger, when on March 1968, he entered a plea of guilty. Upon his motion the defendant was admitted to probation for a period of four years.

In January, 1969, a petition for revocation of probation was filed alleging certain violations of the terms and conditions of probation. Thereafter, in June of 1970, an amended petition was filed. This amended petition alleged, in addition to the charges previously filed, that the defendant committed the offense of burglary of the Cheker Oil Company on August 13, 1969, as charged in a specified indictment. This amended petition further stated that the defendant had entered a plea of guilty to this subsequent charge, the plea having been entered on June 18, 1970.

At a hearing on the petition for revocation on June 25, 1970, the record shows that the then State's Attorney, the former public defender, John Unger, appeared for the People. There was no appearance for the defendant on that date. The court appointed the public defender, Mr. Litak, to represent the defendant. The record contains a statement by Mr. Unger to the court that he suspected that he represented the defendant in the original proceedings, resulting in the probation, the revocation of which was being sought.

On June 30 at a further hearing, John Unger, as State's Attorney, appeared for the People and the public defender previously appointed appeared for the defendant. The defendant testified, admitted the

burglary of the Cheker Oil Company, described the offense, and further testified as to his activities while on probation. He was cross-examined by the State's Attorney. Probation was revoked. A hearing in aggravation and mitigation was held and the defendant was sentenced to a term of not less than five nor more than eight years for the original offense. This sentence was made to run concurrently with a sentence of not less than one nor more than two years imposed on his plea of guilty to the charge of burglarizing the Cheker Oil Company. Our case No. 11396 is the appeal from this proceeding revoking probation.

Our case No. 11434 is an appeal from the conviction upon the charge of burglarizing the Cheker Oil Company. In that case the sole issue is the validity of the indictment in view of an error as to the alleged year of the offense. That arises by reason of the following chronology. In April, 1970, an information was filed alleging the burglary of the Cheker Oil Company, the offense allegedly having been committed on the 13th of August, 1969. Thereafter, a grand jury indictment was returned charging the same offense. The date specified in the indictment, however, was August 13, *1970*. That indictment was on May 5, 1970. On June 18, 1970, with court appointed counsel and after a full and complete admonition, the defendant entered a plea of guilty to the offense as alleged in the indictment. It is urged upon this appeal that a conviction based upon a plea in June 1970 to an indictment returned in May, 1970, charging an offense alleged to have been committed in August, 1970, is a void conviction and one which will not sustain a revocation of probation.

We agree with the contention of the defendant, supported by ample authority, that a void indictment, even though there is a plea of guilty, will not sustain a conviction. It does not follow, however, that the typographical error as to date here, the error being patent, constitutes a void indictment. In *People v. Adams*, 109 Ill.App.2d 385, 248 N.E.2d 748, the indictment contained an omission as to the year of the offense, stating only that the offense was committed on or about "29th June". The court there held that such defect was one of form and did not render the charge fatally deficient. The reasoning there is applicable here. (See also *People v. Greenwood*, 115 Ill.App.2d 167, 253 N.E.2d 72: and *People v. Price*, First District No. 54599, —— Ill.App.2d ——, —— N.E.2d ——. We hold this indictment to be valid. In the context of the entire record it is clear that the date of the offense was known to the defendant. His plea of guilty and testimony relates to the charged offense and the trial court ascertained from the defendant that there was a factual basis for his plea of guilty. Thus we find no defect that did constitute a void or even a voidable proceeding.

We turn now to the question of the validity of the proceedings for

revocation of probation and the issue tendered by reason of the fact that the defendant's appointed attorney at the time of the plea of guilty to the original charge was subsequently the State's Attorney and appeared on behalf of the People requesting revocation of probation and sentencing under the original offense. Even though such probation revocation is not based upon a void subsequent conviction, the proceeding must be reversed because of the improper representation.

In *People v. Gerold*, 265 Ill. 448, 107 N.E. 165, the court discusses the question of the propriety of one who has represented an individual to subsequently engage in the prosecution of the individual for acts arising during the representation and holds such to be reversible error. The reasoning of the court and the philosophy expressed there is applicable here and this procedure was subject to the same infirmity. We must therefore reverse and remand the revocation proceedings.

In March, 1968, when the defendant entered a plea of guilty to the original offense—burglary of the jewelry store—he had conferences with his then attorney and based upon these conferences ultimately pleaded guilty. The record reflects that he affirmatively stated that he had consulted with his attorney relative to the charge and the penalty and such consultation would necessarily involve the attorney in learning from the client matters which could be used to the client's detriment in the subsequent proceeding to revoke probation.

We deal here not with the limited attorney-client privilege, but with the broader ethical obligation and professional responsibility of a lawyer to guard the confidences and secrets of his client. Such obligation is in no way diminished by the fact that the lawyer served by appointment rather than by having been retained by the client. This duty to guard the confidences and secrets of the client exists without regard to the nature or source of information. We cannot hold on this record that the plea of guilty constituted a waiver for the simple reason that a waiver carries with it a connotation of a knowing and intelligent judgment based upon full disclosure. No disclosure that can be equated with full and complete disclosure appears here. As we see it, counsel in this case was called upon to represent conflicting interests and to undertake or discharge inconsistent duties. It is immaterial whether the conflict arises from a knowing and intentional action, or whether, as we suspect is the case here, the conflicting representation is undertaken inadvertently and as a result of the press of official duties. The original professional relationship as defense counsel was in clear conflict with the subsequent duties as prosecutor undertaking to obtain a sentence for the same identical conduct.

As the court stated in *Gerold*, at page 478: "It is the glory of the legal profession that its fidelity to its clients can be depended upon; that a man may safely go to a lawyer and converse with him upon his rights in litigation with absolute assurance that that lawyer's tongue is tied from ever discussing it. (*United States v. Costen*, 38 Fed. Rep. 24.) This rule has been so strictly enforced that it has been held that an attorney, on terminating his employment, cannot thereafter act as counsel against his client in the same general matter, even though while acting for his former client he acquired no knowledge which could operate to the client's disadvantage in the subsequent adverse employment. (*Pierce v. Palmer*, Ann. Cas. 1912b, (R.I.) 181, and cases cited in note.) If this is the rule in civil cases the law will not be less strict in criminal proceedings, especially as to the duty in this regard resting upon counsel for the State. Such an officer is acting in a *quasi*-judicial capacity, and he and those associated with him should represent public justice and stand indifferent as between the accused and any private interest. It is as much the duty of prosecuting attorneys to see that a person on trial is not deprived of any of his statutory or legal rights as it is to prosecute him for the crime with which he may be charged. (*State v. Osborne*, 20 Ann. Cas. (Ore.) 627.) The canons of ethics of the American Bar Association and various State associations in this country are in accord on this subject with the rule just stated. An attorney cannot be permitted to assist in the prosecution of a criminal case if by reason of his professional relations with the accused he has acquired a knowledge of the facts upon which the prosecution is predicated or which are closely interwoven therewith. (*Wilson v. State*, 16 Ind. 392; *Commonwealth v. Gibbs*, 4 Gray, 146.) The members of the profession must have the fullest confidence of their clients. If it may be abused the profession will suffer by the loss of the confidence of the people. The good of the profession, as well as the safety of clients, demands the recognition and enforcement of these rules. (*State v. Halstead*, 73 Iowa, 376.) It is unnecessary that the prosecuting attorney be guilty of an attempt to betray confidence; it is enough if it places him in a position which leaves him open to such charge; and this disqualification may arise by reason of services rendered by him in a civil case as well as in a criminal case. (*State v. Rocker*, 130 Iowa, 239; 2 Thorton on Attorneys, secs. 693, 700.) The administration of the law should be free from all temptation and suspicion, so far as human agencies are capable of accomplishing that object, and public policy strongly demands that one who has been employed on one side should not be permitted to appear on the other side."

Our examination of the Code of Professional Responsibility adopted

by the organized Bar of this State, lead us to the conclusion that the philosophy expressed and quoted above is fully applicable on an expanding rather than a contracting basis today.

It becomes unnecessary that we consider the contention of the defendant that the sentence imposed upon revocation of probation was excessive, although in this connection it is appropriate to note the absence of a substantial spread between the minimum and the maximum sentence. See *People v. Scott*, 117 Ill.App.2d 344, 253 N.E.2d 553.

For the reason stated the judgment of the circuit court of Vermilion County in cause No. 11434 is affirmed. The judgment of that court in cause No. 11396 is reversed and that cause is remanded for further proceedings.

No. 11434.—Judgment affirmed.

No. 11396.—Reversed and remanded.

SMITH, P. J. and TRAPP, J., concur.