THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD DALE COLLINS, Defendant-Appellant.

(No. 72-62;

Third District—July 10, 1972.

James J. Gende, of Moline, for appellant.

William K. O'Connor, State's Attorney, of Cambridge, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the finding of guilty for the offense of unlawful use of weapons after a bench trial which was held in the circuit court of Henry County. The trial court imposed upon the defendant Ronald Dale Collins a fine in the amount of $300.00 plus costs of the proceedings.

The charge against the defendant was set forth in a criminal complaint which stated as follows:

"* * * That on the 10th day of February, 1971, at and within the County of Henry and State of Illinois and at and in the City of Geneseo, RONALD DALE COLLINS, committed the offense of UN-LAWFUL USE OF WEAPONS (Carrying a concealed weapon) in that he, said Ronald Dale Collins, did then and there knowingly carry concealed in a certain vehicle, being a 1960 Pontiac 4-door automobile, a certain dangerous weapon, to-wit: a bludgeon-type object in the form of approximately a three foot heavy metal chain, at a time when said Ronald Dale Collins was not upon his land, in violation of paragraph 24—1, Chapter 38, Illinois Revised Statutes."

The defendant first assigns as error that the complaint failed to allege facts constituting a criminal act and that the trial court erred in not granting defendant's motion in arrest of judgment based upon this alleged deficiency. In support of this assignment of error the defendant argues that the State failed to cite the exact statutory provisions alleged to have been violated and lists a number of other paragraphs and sub-paragraphs which he contends could have been applicable. The defendant in his brief does not contend that the facts alleged in the complaint

were insufficient to adequately inform him of the nature, cause and elements of the charge against him, but if we understand his position correctly it is his contention that mis-citation or non-citation of statutory provisions in a complaint is in and of itself fatal as far as a valid charge is concerned. With this argument we cannot agree, for the law is otherwise in the State of Illinois. In *People v. Hill,* 68 Ill.App.2d 369, 216 N.E.2d 212, it was stated:

"Failure to cite the statute or the correct provision thereof is error but, in view of the description of the offense given in the complaint, is not an error which, in itself, vitiates the complaint."

See also *People v. Greenwood,* 115 Ill.App.2d 167, 253 N.E.2d 72.

■■ In the instant case the complaint adequately informed the defendant of the nature, cause and elements of the charge against him so that he knew precisely what he was called upon to meet. The defendant knew that he was charged with a violation of Chapter 38, Section 24—1, Illinois Revised Statutes, and he knew further that he was being charged with the unlawful use of weapons and more specifically a bludgeon-type object. Such information meets the requirements of section 9 of Article II of the Illinois Constitution and section 111—3(a) (3) of the Code of Criminal Procedure. Chap. 38, Sec. 111—3(a) (3) Ill. Rev. Stat.

Lastly the defendant assigns as error that the evidence presented did not constitute a criminal act under Chapter 38, Section 24—1, Illinois Revised Statutes.

That portion of the Criminal Code with which we are concerned is as follows:

"Par. 24—1. Unlawful Use of Weapons.

(a) A person commits the offense of unlawful use of weapons when he knowingly:

(1) Sells, manufactures, purchases, possesses or carries any bludgeon, black-jack, slung-shot, sand-club, sand-bag, metal knuckles or any knife, commonly referred to as a switch-blade knife, which has a blade that opens automatically by hand pressure applied to a button, spring or other device in the handle of the knife, or * * *." Chap. 38, Sec. 24—1(a) (1), Ill. Rev. Stat. 1969.

The record presented to this court on appeal is meager but it is clear that the instrument found in an automobile under the defendant's control was a chain approximately three feet in length which had been wrapped with tape, one end being thicker than the other since it had been looped, thus providing a type of handle. The taping of the chain resulted in a stiffer and a more inflexible instrument.

Placing the defendant's assignment of error in its simplest form we find we are confronted with the question as to what constitutes a

bludgeon. There are no decisive cases in Illinois providing an answer to this question. The second and third editions of Webster's International Dictionary define a bludgeon as "a short clublike weapon with one end loaded or thicker than the other— a short stick used as a weapon usually having one thick, heavy or loaded end."

Black's Law Dictionary, Fourth Edition, defines black jack as "a short bludgeon consisting of a heavy head as of metal, on an elastic shaft or with a flexible handle * * *."

■■ It is clear from these definitions that a heavy metal chain wrapped with tape and a handle made from looping of the chain has the material elements to enable it to fall within the definition set forth for either a bludgeon or a black jack.

The statute with which we are concerned clearly seeks to prevent carrying of concealed weapons and thus prevent their use for criminal purposes. It would be a most difficult if not insurmountable task to list and describe in complete detail each of the possible instruments that could be used as a weapon for the purpose of inflicting death or injury to a person. In *State v. Witcher,* 58 N.J. Super. 464, 156 A.2d 709, the court called a bludgeon a short stick with one end loaded or thicker and heavier than the other end and which is used as an offensive weapon. The court then proceeded to broaden this definition by noting that a bludgeon could be any clublike weapon. Certainly the instrument with which we are concerned and which we have described is indeed a club-like weapon. The defendant has failed to proffer any explanation as to any possible use of the instrument other than that of a weapon. Nor does any possible use occur to us.

We can only conclude that the defendant committed the offense of unlawful use of weapons when he knowingly possessed and carried in an automobile under his control an instrument which can be classified as a bludgeon.

For the reasons set forth the judgment of guilty entered by the circuit court of Henry County is hereby affirmed.

Judgment affirmed.

ALLOY and DIXON, JJ., concur.