THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GORDON KRAUSE, Defendant-Appellant.

(No. 11727;

Fourth District—October 17, 1972.

Matthew J. Moran, of Defender Project, of Chicago, (Harry C. Z. Bell, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant pleaded guilty to each of two charges of theft of property in excess of $150. Concurrent sentences of two to five years were imposed. Defendant filed a *pro se* petition for a post-conviction review. Following appointment of counsel, the court, without evidentiary hearing, granted the prosecution's motion to dismiss. Defendant appeals.

Among other matters, the petition alleged a conflict of interest in counsel appointed prior to making the guilty pleas. Since the record supports such allegation, the appeal is controlled by *People v. Meyers*, 46 Ill.2d 149, 263 N.E.2d 81, and *People v. Stoval*, 40 Ill.2d 109, 239 N.E. 2d 441.

The precise nature and quality of the conflict of interest cannot be ascertained from the record, but upon his appointment counsel moved to withdraw as counsel and stated and reiterated that a conflict of interest existed in fact. Upon arraignment on one of the charges, the defendant advised the court that one Monroe would represent him. This attorney had apparently discussed the matter with the State's Attorney, but never entered his appearance. Defendant apparently was not considered to be indigent for the purposes of the appointment of a public defender, but was never able to retain counsel. At an arraignment on February 9, 1969, the court referred to the absence of Monroe and for such reason entered a plea of not guilty for defendant. Nichols, the attorney subsequently appointed, stepped up and inquired as to details of posting cash bond. In other portions of the proceedings, the court stated that Nichols had appeared for the limited purpose of procuring release on bond. On February 17, 1969, defendant was arraigned on another of the charges. He stated that he did not have a lawyer, but expected to get one.

A hearing was held on February 26, 1969, at which time the defendant advised the court that he did not have a lawyer and that he had been unable to get one. The court then stated that he would appoint Nichols "in that he has appeared as your counsel". On March 3rd, Nichols ap-

peared and moved to withdraw and have the appointment vacated for the reason that he believed that there was a conflict of interest, and that it would be to the best interest of defendant to have other counsel. Nichols advised the court that he had "appeared in behalf of the person who posted the bond money", and that he thought that he had made it clear that he was not appearing for defendant, with the further statement that "the conflict of interest was in existence prior to that time". To the court's inquiry, defendant responded that Nichols would suit him very well. Nichols reiterated he believed that a conflict of interest was present, and that defendant should have other representation. The court denied Nichols' motion to vacate the appointment.

In *Meyers* and *Stoval*, the nature and circumstances of counsel's conflict of interest clearly appeared in the record. Here, the conflict cannot be ascertained except through the repeated statements of counsel. In *Stoval*, it was stated that the difficulty of advising a defendant of the rights involved where a conflict exists requires that an attorney be free from a conflict of interest, and that as a matter of policy the existence of a conflict creates a violation of the right to counsel regardless of the absence of any influence upon the attorney. We note that in *Meyers*, as here, the appointed counsel appeared to negotiate pleas with some advantage to the defendant.

The prosecution argues that the record shows that defendant acquiesced in the appointment of counsel. This record shows that defendant was desirous of procuring counsel. Nothing suggests, however, that defendant was advised of the nature of the conflict of interest of the attorney, or the possible effect upon the representation offered. In fact, it shows nothing more than that he heard counsel's statement that a conflict existed.

In *Stoval* and *Meyers*, the records contain the disclosure of the nature and extent of the conflict to the defendants, and the assent or even the request to continue. The court concluded, however, that consent to counsel's representation was not the equivalent of a showing of a knowing and understanding waiver of the possible effect of the conflict of interest. In *Stoval*, it is specifically stated that where an attorney's conflict of interest is shown, there is no necessity for the defendant to demonstrate actual prejudice.

Upon such authority, the order denying the post-conviction relief is reversed and the cause is remanded to vacate the judgment on the plea of guilty, and to permit withdrawal of the plea of guilty if so desired.

Reversed and remanded.

CRAVEN and SMITH, JJ., concur.