THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH L. WRIGHT, Defendant-Appellant.

(No. 11867;

Fourth District—October 17, 1974.

John F. McNichols and J. Daniel Stewart, both of State Appellate Defender's Office, of Springfield, for appellant.

44.

C. Joseph Cavanagh, State's Attorney, of Springfield (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Defendant appeals from a judgment of the circuit court of Sangamon County entered on jury verdicts finding him guilty of a four-count indictment charging the offenses of resisting a peace officer, driving without a valid driver's license, fleeing from a peace officer, and violation of the driver's license compact. A 60-day sentence was imposed for resisting a peace officer and 10 days for fleeing a peace officer. No sentences or fines were imposed on the driver's license charge.

■■ The State confesses error in the convictions as to the defendant's driver's license for the reason that the defendant's driver's license had been improperly suspended without a hearing, and that such action by the State constituted a violation of procedural due process. (*Bell v. Burson*, 402 U.S. 535 (1971); *Pollion v. Lewis*, 320 F.Supp. 1343 (N.D. Ill. 1970).) *Pollion* directed the Illinois Secretary of State to reinstate the driver's license that had been unconstitutionally suspended and that a reasonable opportunity be given to the license holder to renew them.

■■ The convictions relating to the licenses are accordingly reversed. Objection is also made to the assistant State's Attorney who prosecuted the case. It was called to the attention of the court and the State's Attorney that the assistant had previously represented this defendant in a criminal matter and that there might be a conflict of interest. A written motion to disqualify the assistant prosecutor was filed and denied. Cited in support of this motion is our case of *People v. Curry*, 1 Ill.App.3d 87, 272 N.E.2d 669. That case has no discernible relevance to the case at bar. It involved a situation where an attorney had defended a client on the charge for which he was granted probation. Subsequently this same attorney became a State's Attorney and represented the People at the probation revocation hearing in the same case. In *People v. Krause*, 7 Ill.App.3d 701, 288 N.E.2d 530, the attorney felt that there was a conflict of interest for the very cogent reason that he represented the party posting the bond money for the defendant. The facts here stated are wholly different from those stated in *People v. Richardson*, 7 Ill.App.3d 367, 287 N.E.2d 517; *People v. Stoval*, 40 Ill.2d 109, 239 N.E.2d 441, and *People v. Meyers*, 46 Ill.2d 149, 263 N.E.2d 81. In each of these cases, there was a direct conflict of interest involved, either presently or in the past. In the case at bar, the assistant State's Attorney had some 2 or 3 years before represented this defendant when serving as a public de-

fender. No connection whatsoever is shown between such service and this case nor is any information suggested indicating that the assistant prosecutor acquired any information usable in the case at bar. There is nothing in this charge, therefore, that suggests any impropriety or even an inference of impropriety. In fact, here the special prosecutor when asked by the members of the grand jury about the defendant said that while he knew him he could not and must not answer any questions. We do not regard the cases cited by the defendant as apropos in this case nor do we intend to here water down the obligation of an attorney to carefully avoid the appearance of impropriety or of a conflict. It seems to us that there is clearly neither appearance of nor actual conflict of interest nor impropriety in the instant case.

Lastly the defendant contends that it was error for the trial court to deny a challenge to the arrays of both the grand and petit juries. The 26th amendment to the United States Constitution was declared ratified on July 5, 1971, authorizing 18-year-old men and women to vote. The indictment in this case was in January 1972 and the conviction in March, 1972. At the time of the occurrences here, section 2 of "An Act concerning jurors * * *" (Ill. Rev. Stat. 1971, ch. 78, par. 2), placed the age limit at 21 years. This age limit was subsequently reduced to 18 years by an amendment effective October 1, 1973. Section 9 of the same act provides that grand jurors must meet the same qualifications section 2 imposes for petit jurors. Section 9 (Ill. Rev. Stat. 1971, ch. 78, par. 9) likewise requires that grand jurors, like petit jurors must be "legal voters." It is the position of the defendant in this case that there was sufficient time between July 1, 1971, and the indictment in January and the trial in March of 1972 to have included 18-to 21-year-olds on the jury list. The defendant relies on an attorney general's opinion which properly reached the conclusion that 18-year-olds may properly serve as jurors and should therefore be on the registration list and jury list. That opinion in this case, however, does not per se make the grand jury which indicted this defendant or the petit jury which tried him illegally constituted. It appears that it was possible to have included registered voters in the jury list upon request of the Jury Commission. Defendant urges then that there was no attempt to comply with the law and assumes that the adoption of the constitutional amendment authorizing 18-year-olds to vote mandated that they be included in the juror's list forthwith. This is not so. It is to be noted that the Illinois statute was not changed by the legislature to include 18-year-olds in this jury list, effective as of October 1, 1973. That they could have been included before is clear, but not mandated.

The issue here presented has been decided contrary to the position of

the defendant. In *United States v. Duncan*, 456 F.2d 1401 (9th Cir. 1972), a witness was held in contempt of court for refusing to answer questions before a grand jury. She argued that the Federal Jury Selection Act requiring jurors to be 21 years of age was unconstitutional in the light of the 26th amendment granting franchise to those 18 years of age or older. The Federal statute, like the Illinois statute, tied in the jury selection procedures with voter registration lists. Thus the witness argued that the 21-year-old-minimum proviso was either of no effect or unconstitutional as a denial of equal protection of the law and since this was so, she could not be held in contempt of court for refusal to answer questions before an illegally constituted body. The circuit court of appeals rejected this argument and held that Congress could establish a minimum age above the 18-year limit because "Congress can validly consider a fully-educated citizenry more important than jury service by those still in the educational process." This same view has been held in other cases. *State v. Silva*, 259 So.2d 153 (Fla. 1972); *Shelby v. State*, 479 S.W.2d 31 (Tex. Cr.App. 1972).

We might likewise observe that section 2 of "An Act in relation to jury commissioners * * *" (Ill. Rev. Stat. 1971, ch. 78, par. 25) provides that the jury list must be prepared by the Jury Commission every 4 years although the list may be revised and amended annually within the discretion of the Commissioners. A witness testified that the Jury Commission had last requested a jury list from the Election Commission in the latter part of 1970, and it was that list which was being used for jury selection in Sangamon County at the time of the defendant's trial. To fully comply with the defendant's request in this case would have necessitated the Jury Commission on its own to have tossed out the complete list of jurors even though it had not been exhausted and there was otherwise no occasion for it to be abated.

Perhaps more cogent than what has just been said is that the failure to comply with the statute specifically will not be grounds for reversal unless a defendant can demonstrate that he was prejudiced. (*Poole v. Lansden*, 183 Ill.App. 609; *People v. Coffman*, 338 Ill. 367, 170 N.E. 227.) In *People v. Powell*, 53 Ill.2d 465, 292 N.E.2d 409, there is a clear indication that "neither the jury roll nor the venire need be a perfect mirror of the community or accurately reflect the proportionate strength of every identifiable group" and "it is incumbent upon defendant to establish a prima facie case of purposeful exclusion." There is nothing in this record to demonstrate that there was any purposeful avoidance of the statute and in addition, the age limit in Illinois was not reduced by legislative action until an effective date of October 1, 1973. The fact that 18-year-olds became eligible to vote in July 1971 does not

ipso facto entitle them to be included in the jury list until such time as the juror selection system of Illinois has a reasonable opportunity to function. The time utilized here was not unreasonable.

Accordingly, the judgment of the circuit court of Sangamon County is affirmed and the cause remanded to that court for the issuance of an amended *mittimus* in accordance with this opinion.

Affirmed in part; reversed in part and remanded with directions.

CRAVEN and TRAPP, JJ., concur.