THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. NICKY JOHN CLUCAS, Petitioner-Appellant.

Fifth District   No. 5—86—0493

Opinion filed July 29, 1987.

Daniel M. Kirwan and Edwin Anderson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John P. Coady, State's Attorney, of Taylorville (Kenneth R. Boyle, Stephen E. Norris, and Kathy J. Geer, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The petitioner, Nicky John Clucas, appeals. from the dismissal of his post-conviction petition pursuant to section 122—2.1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1). Petitioner contends that he is entitled to a new hearing, as the State's Attorney who appeared at the post-conviction hearing had previously represented petitioner on the offense which is the subject of that petition and that the trial court erred when a judge other than the one who entered the judgment of conviction presided at the post-conviction petition.

On July 7, 1980, petitioner pleaded guilty to murder, and on August 8, 1980, he was sentenced by the Honorable Joseph F. Fribley to 32 years' imprisonment. After his amended motion to withdraw his plea of guilty, which was filed pursuant to Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)), was denied, he appealed to this court. Petitioner's conviction and sentence were affirmed pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23). *People v. Clucas* (1982) 107 Ill. App. 3d 1173 (unpublished Rule 23 order).

The State's Attorney of Christian County, John Coady, had previously served as public defender and in that capacity had been appointed to represent petitioner and Paul Douglas Moon, petitioner's codefendant, on March 6, 1980. On March 10, 1980, Mr. Coady filed a

motion to withdraw as counsel for Clucas on the basis that "Counsel for the Defendants has determined that a potentially irreconcilable conflict of interest exists which may prevent him from giving effective assistance to both defendants." The motion was granted and other counsel was appointed to represent Clucas.

On March 5, 1986, petitioner filed his post-conviction petition. On April 4, 1986, a hearing was scheduled, and the court ordered that petitioner be brought from the Dixon Correctional Center for the hearing. The Honorable Mark Joy presided at the hearing. As the State had not filed a written answer to the petition, the court allowed the State to make an oral general denial. Petitioner then asked for the appointment of counsel. The State's Attorney started to refer to the right of counsel in a post-conviction proceeding when he asked to approach the bench. An off-the-record conference occurred after which the court stated the procedure for considering the petition. The court then found the petition to be patently without merit and stated the reasons for so finding. The court asked the State's Attorney if he was still contending that the petition was without merit, and Mr. Coady responded: "Yes, sir. I am full of argument but I won't."

■ The petitioner initially contends that the court's finding that the petition is without merit is improper where the finding was made in a hearing where the State's Attorney appeared and argued, petitioner was denied counsel, and the State's Attorney had previously been petitioner's appointed attorney. The State contends that there is no conflict of interest as Mr. Coady had not actively represented petitioner, or appeared in court on his behalf, and that the court could have determined that the petition was frivolous even had Mr. Coady not appeared for the State. The court finds that Mr. Coady had actively represented petitioner to the extent that he was able to conclude that a potential conflict of interest existed between petitioner and Moon. We conclude that it was improper and a conflict of interest for Mr. Coady to appear for the State at the post-conviction hearing. (See *People v. Curry* (1971), 1 Ill. App. 3d 87, 272 N.E.2d 669.) Therefore, the judgment of the circuit court of Christian County is reversed, and the cause is remanded to that court to reconsider the post-conviction petition, and to take whatever steps it deems necessary to decide the case. This court is making no decision on the merits of the petition, as that is for the trial court to decide. If the State wishes to participate in the proceedings on remand, the court shall appoint a special prosecutor.

■ ■ Petitioner next contends that because section 122—8 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—8)

has been declared unconstitutional in *People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E. 2d 501, as a violation of the separation-of-powers doctrine, the trial court erred when it assigned a new judge to preside over petitioner's post-conviction petition. In *People v. Farmer* (1986), 148 Ill. App. 3d 723, 499 N.E. 2d 710, this issue was decided adversely to petitioner. Without further discussion, we believe the issue was properly decided in *Farmer*, and we follow that decision. (See *People v. Peeples* (1987), 153 Ill. App. 3d 1050.) However, in the case at bar, this court believes that Judge Joy is tainted by having presided over the post-conviction hearing; therefore, upon remand, a judge other than Judge Joy shall consider the post-conviction petition.

For the foregoing reasons, the judgment of the circuit court of Christian County is reversed, and this cause is remanded to that court for further proceedings in conformity with this order.

Reversed and remanded with directions.

KARNS, P.J., and KASSERMAN, J., concur.