THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN GARRETT, Defendant-Appellant.

Fourth District    No. 4—90—0184

Opinion filed January 17, 1991.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Chris E. Freese, Special Prosecutor, of Nessler, Freese & Elmore, Ltd., of Sullivan (Kenneth R. Boyle, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Defendant John Garrett was convicted in the circuit court of Douglas County of criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(2)) by jury trial. The information charged the defendant, "knowing that D.S.H. was unable to give knowing consent, knowingly committed an act of sexual penetration with D.S.H." Defendant appeals from the conviction, contending there was reversible error because the State's Attorney of Douglas County interviewed a witness for the State after the State's Attorney had been removed from the case because of a conflict of interest.

The defendant's original public defender withdrew from the defense prior to trial and was appointed an assistant State's Attorney. When the State's Attorney suggested a conflict of interest was created by the hiring of the defense counsel, the prosecutor was first replaced by special prosecutor Bruce Ratcliffe. On January 12, 1990, Bruce Ratcliffe was removed as special prosecutor because of a conflict. Attorney Chris Freese was appointed as special prosecutor on January 16, 1990, and notice of Freese's appointment was mailed to him on that date. On January 16, 1990, regardless of the order replacing him, the State's Attorney of Douglas County interviewed Rick Crist, who became one of the two trial witnesses for the State.

On January 22, 1990, defense counsel filed a motion to suppress all evidence gathered by the Douglas County State's Attorney's office from December 13, 1989, to January 22, 1990, "including, but not necessarily limited to, the testimony of one Rick Crist." The motion was heard on January 22, 1990, and evidence was given by the State's Attorney from which the trial court found there was no "real prejudice to the defendant" and "Crist's testimony was not in fact solicited by the office of the State's Attorney." The motion was denied.

Crist's testimony at trial related to D.S.H.'s condition, use of alcoholic beverages, and purchase of alcoholic beverages in a tavern

where he worked during the evening before the violation. The testimony was given for purposes of supporting other evidence of the victim's inability to give a knowing consent. D.S.H. testified that, after considerable consumption of beer, she passed out on the front seat of a motor vehicle and was later awakened to find the defendant on top of her with his penis in her vagina.

■ The defendant contends the interview of Crist by the State's Attorney was an ethical violation and resulted in reversible error. Our examination of the record leads to the conclusion that while the interview was a technical violation of ethics, it was inadvertent and of no harm. The undisputed testimony of the State's Attorney indicated Crist came into the State's Attorney's office unexpectedly and volunteered his account of D.S.H.'s drinking. The new assistant State's Attorney had not discussed the case with the State's Attorney, and there was no apparent violation of the defendant's attorney-client relationship. The State's Attorney immediately notified the defendant's new counsel of the Crist meeting. Considering the appointment of a new special prosecutor from another county on the same date as the Crist interview, and the unexpected visit by Crist, we, while acknowledging the mistake, do not condemn the State's Attorney's conduct. It appears that he otherwise did everything possible to protect the defendant's rights.

■ We need not look to latter-day treatises on the ethical obligation of attorneys to their present and past clients. Our supreme court in *People v. Gerold* (1914), 265 Ill. 448, 107 N.E. 165, made the following statements:

"When he has once been retained and received the confidence of a client he cannot enter the service of those whose interests are adverse to that of his client or take employment in matters so closely related to those of his client or former client as in effect to be a part thereof. *** It is as much the duty of prosecuting attorneys to see that a person on trial is not deprived of any of his statutory or legal rights as it is to prosecute him for the crime with which he may be charged. *** The members of the profession must have the fullest confidence of their clients. If it may be abused the profession will suffer by the loss of the confidence of the people. *** [I]f an attorney knows anything prejudicial to a former client he ought not to accept employment against him where such prejudicial information can be used against him.

***

*** No matter if his intentions were of the best, he placed

himself in a position to be open to the charge of betraying the professional confidence of his client. The law will not permit this." *Gerold*, 265 Ill. at 477-80, 107 N.E. at 177-78.

Our court reversed a probation violation when the original defense counsel, who became State's Attorney, prosecuted a petition to revoke probation. (*People v. Curry* (1971), 1 Ill. App. 3d 87, 90-91, 272 N.E.2d 669, 672-73.) We also recognize *State v. Cooper* (1980), 63 Ohio Misc. 1, 409 N.E.2d 1070, held that a prosecution by the prosecutor's office (which had hired defendant's prior defense counsel) would be improper and required the appointment of a special prosecutor.

While we agree with both *Curry* and *Cooper*, we find the present case factually different. Here, the State's Attorney did not participate in the criminal trial. There is no indication the special prosecutor had any contact with the assistant State's Attorney or the State's Attorney. Crist was a witness who appeared after the assistant State's Attorney represented defendant, and the nature of his testimony did not relate conduct of the defendant. The volunteered interview should have been referred to the special prosecutor, but the understandable slip-up does not justify, in the absence of prejudice to the defendant, prohibiting Crist's testimony.

Affirmed.

GREEN and KNECHT, JJ., concur.