Filed 1/27/10                    NO. 4-08-0797

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,  )   Appeal from
        Plaintiff-Appellant,        )   Circuit Court of
        v.                          )   Adams County
CHAUNCEY PERRY,               )   No. 08CF358
        Defendant-Appellee.        )
                                  )   Honorable
                                  )   Michael R. Roseberry,
                                  )   Judge Presiding.

_____

JUSTICE POPE delivered the opinion of the court:

In July 2008, the State charged defendant, Chauncey Perry, with aggravated battery, a Class 3 felony (720 ILCS 5/12-4(b)(1), (e)(1) (West 2006)), and unlawful use of weapons by a felon, a Class 1 felony (720 ILCS 5/24-1.1(b), (e) (West 2006)). Defendant was an inmate in the Department of Corrections at the time of the July 2006 incident. While the information calls the charge "Unlawful Use of Weapons by Felons," defendant was actually charged with "Unlawful Possession of a Weapon by a Person in a Penal Institution of the Department of Corrections," pursuant to section 24-1.1(b) of the Criminal Code of 1961 (720 ILCS 5/24-1.1(b) (West 2006)). Defendant possessed a metal padlock inside a knotted sock and swung this improvised weapon into the face of another inmate.

In October 2008, a jury was empaneled. After several witnesses had testified for the prosecution, the State moved to

admit its exhibits, including the lock and the sock described above. Defense counsel objected on the basis the object did not constitute a "bludgeon" within the meaning of the unlawful-use-of-weapons statute. 720 ILCS 5/24-1(a)(1) (West 2006). The trial court dismissed the unlawful-use-of-weapons count for failure to state an offense. The court held no reasonable jury could find the padlock in a sock was a "bludgeon" as charged in the information and prohibited by statute (720 ILCS 5/24-1(a)(1) (West 2006)). The court permitted the State to amend the aggravated-battery charge to delete the word "bludgeon" following "a deadly weapon." The jury heard the evidence and convicted defendant of aggravated battery. In December 2008, the court sentenced defendant to six years and six months' imprisonment on the aggravated-battery conviction.

The State appeals, arguing the trial court erred in dismissing the unlawful-use-of-weapons count because the padlock in a sock is a "bludgeon" within the meaning of the statute. In addition, the State argues if the padlock in a sock is not a bludgeon, rather than dismissal, the State should have been allowed to amend the information.

No challenge is made to defendant's aggravated-battery conviction. We reverse the trial court's judgment dismissing the unlawful-use-of-weapons count and remand the case with directions.

I. BACKGROUND

On July 13, 2006, defendant was confined in the Western Illinois Correctional Center Clayton work camp. While standing in line to be served food, defendant swung a sock containing a padlock and deliberately struck the inmate behind him in the face. The padlock had been issued to defendant by the Department of Corrections for the purpose of securing his belongings. Defendant testified he had been carrying the sock containing a padlock, for the purpose of protection, for approximately one week before the incident. A knot was tied in the sock to keep the padlock inside.

As stated, the State charged defendant with aggravated battery and unlawful use of weapons by a person in the custody of a Department of Corrections facility. The information referred to the weapon as a bludgeon, a statutorily prohibited weapon (720 ILCS 5/24-1(a)(1) (West 2006)). After presenting several witnesses in an October 2008 jury trial, the State attempted to introduce the sock and padlock into evidence. Defense counsel objected, arguing the sock-and-padlock combination was not a bludgeon under the statute upon which the charge was brought. The trial court held no reasonable jury could find the padlock in a sock was a "bludgeon" and dismissed the unlawful-use-of-weapons count for failure to state an offense. The court denied the State's motion for an interlocutory appeal. The jury convicted

defendant of aggravated battery, and the court sentenced him as stated.

This appeal followed.

## II. ANALYSIS

### A. Standard of Review

The trial court held as a matter of law that defendant's padlock in a sock was not a bludgeon. We review questions of law de novo. Naleway v. Agnich, 386 Ill. App. 3d 635, 647, 897 N.E.2d 902, 915 (2008).

### B. Trial Court's Determination: Lock in Sock Not a Bludgeon

In attempting to determine if the padlock in a sock was a bludgeon, the trial court consulted the Oxford English Dictionary, the Random House Dictionary, and the New Collegiate Dictionary before noting, "[t]he common definition of bludgeon is a short stick or club." The court then attempted to assess the intent of the legislature. The primary objective when interpreting a statutory term is to give effect to the intent of the legislature. People v. Kohl, 364 Ill. App. 3d 495, 499, 847 N.E.2d 150, 154 (2006).

The trial court found the legislature restricted the unlawful-use-of-weapons offense to those weapons specifically listed in the statute without including "catch-all" language such as "other dangerous weapons." The court further found the common definition of "bludgeon" to be a short stick or club. The court

noted a sock is not rigid or stick-like and therefore not a bludgeon. The court allowed the State to proceed on count II, the aggravated-battery charge, because, although not a bludgeon, the lock in the sock could be found by a jury to be a deadly weapon. The trial court reasoned if the legislature had wanted additional expansive language added to the unlawful-use-of-weapons statute, it could have expressly included it in subsection (a)(1) of section 24-1 (720 ILCS 5/24-1 (West 2006)). Therefore, to convict defendant under the unlawful-use-of-weapons statute, the padlock in a sock must literally be a bludgeon, not merely something similar to a bludgeon or a "dangerous weapon of like character."

C. Trial Court's Definition Is Too Narrow

We look to the dictionary as well. Instead of bludgeon, we first turn to the definition of "blackjack." Black's Law Dictionary defines a "blackjack" in several ways, including as "[a] short bludgeon consisting of a heavy head, as of metal, on an elastic shaft or with a flexible handle." Black's Law Dictionary 154 (5th ed. 1979). Thus, a blackjack meeting this specification is a bludgeon. Not all bludgeons are blackjacks, but all blackjacks consisting of a heavy head, as of metal, on an elastic shaft or with a flexible handle are bludgeons. In essence, a blackjack is a specialty type of bludgeon. The common definition of "bludgeon" simply does not specifically list this

subset of bludgeons. Even Black's Law Dictionary defines "bludgeon" in the general sense as "[a] heavy club or stick used as a weapon, commonly weighted in one end by metal." Black's Law Dictionary 157 (5th ed. 1979).

No decisive cases in Illinois establish exactly what constitutes a bludgeon. People v. Collins, 6 Ill. App. 3d 616, 619, 286 N.E.2d 117, 119 (1972). However, under Illinois law a bludgeon need not take the form of a club or stick. Collins, 6 Ill. App. 3d at 619, 286 N.E.2d at 119 (after consulting Black's Law Dictionary, holding that a heavy metal chain wrapped with tape satisfied the definition of both "bludgeon" and "blackjack").

Recognizing that a bludgeon may take the form of a blackjack, in addition to the more common form of a club or stick, we next consider whether a reasonable jury could find the padlock in a sock to be a bludgeon. The padlock in the end of the sock could be considered a heavy head, especially since made of metal. The sock could also be interpreted to be an elastic shaft or flexible handle. A reasonable jury could find defendant's padlock in a sock to be a bludgeon in the form of a blackjack. Such a finding would be supported by the fact that the padlock-and-sock combination had no legitimate use other than as a weapon. See Collins, 6 Ill. App. 3d at 619, 286 N.E.2d at 119; People v. Tate, 68 Ill. App. 3d 881, 882-83, 386 N.E.2d 584,

586 (1979). The sock could not be worn with a padlock in the toe, and the padlock could not be used for locking up defendant's belongings while tied up in the sock. We note that a prisoner employing a lock in a sock as a bludgeon is not a new phenomenon. See Shrader v. White, 761 F.2d 975, 982 (4th Cir. 1985) ("a lock inside a sock [becomes] a bludgeon").

Since a reasonable jury could find the padlock in a sock to be a bludgeon, the trial court erred in dismissing the unlawful-use-of-weapons count (720 ILCS 5/24-1.1(b) (West 2006)).

### III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment dismissing the unlawful-use-of-weapons count and remand for trial on that count. If defendant should be convicted, defense counsel may make any arguments deemed appropriate regarding merger of the Class 3 aggravated-battery conviction with any Class 1 sentence imposed on count I. To avoid confusion, the name of the charge in count I should conform to the substance of the charge, i.e., "Unlawful Possession of a Weapon by a Person in the Custody of a Department of Corrections Facility." We affirm the conviction and sentence for aggravated battery, without prejudice to any merger argument and the trial court's ruling thereon.

Affirmed in part and reversed in part; cause remanded with directions.

- 7 -

MYERSCOUGH, P.J., and KNECHT, J., concur.